OPINION
{¶ 1} Plaintiffs-appellants, Steven M. Geiger, Morrison Road Development Company, Inc., and Geiger Excavating, Inc., appeal from a judgment of the Franklin County Court of Common Pleas granting separate motions to dismiss by defendants-appellees, Ray J. King, Esq., Franklin Abstracting Title Agency, Inc., d.b.a. Northwest Title, and First American Title Insurance Company. The trial court granted the motions on the basis that appellants had failed to state a claim upon which relief could be granted because their re-filed complaint, having not been filed by an attorney in compliance with R.C. 4705.01, was a nullity, and rejecting appellants' argument that subsequent attempts by appellants to re-file the action through their counsel was untimely because the savings statute, R.C. 2305.19, could not be applied to protect a null action from application of the statute of limitations.
 {¶ 2} Appellants now assign the following as error:
The trial court improperly granted defendant-appellees' motions to dismiss where appellants commenced or attempted to commence their action before the expiration of the statute of limitations and properly re-filed within the time allowed by the Ohio Savings Statute, [R.C.] § 2305.19.
 {¶ 3} In January 1999, appellants filed a complaint against appellees, asserting claims for legal malpractice, negligence, breach of fiduciary duty and fraud. This complaint was dismissed, pursuant to Civ.R. 41(A), in January 2001. In January 2002, essentially the same complaint was filed on behalf of Morrison Road Development Company, Inc., and Geiger Excavating, Inc., against appellees by Steven Geiger and Wendy Geiger, acting pro se. This complaint was dismissed in May 2002, on the basis that a complaint filed by a non-attorney on behalf of a corporation constituted the unauthorized practice of law and was a nullity. In June 2002, appellants, through counsel, again filed a complaint against appellees. The trial court dismissed the complaint on the basis it was filed beyond the applicable statute of limitations. The trial court found that, because the May 2002 complaint was filed in violation of R.C. 4705.01, it did not constitute the commencement or attempt to commence an action, and, thus, appellants could not claim the benefit of the savings statute, R.C. 2305.19.
 {¶ 4} In O'Brien v. University Community Tenants Union
(1975), 42 Ohio St.2d 242, syllabus, the Ohio Supreme Court held:
In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (Conley v.Gibson, 355 U.S. 41, followed.)
 {¶ 5} In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), a court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190.
 {¶ 6} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. GuernseyCty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548. The court will only look to the complaint to determine whether the allegations are legally sufficient to state a claim. Id. Under a de novo analysis, we must accept all factual allegations to the complaint as true, and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991),57 Ohio St.3d 56, 60.
 {¶ 7} R.C. 2305.19 provides, in part:
In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *
 {¶ 8} R.C. 4705.01 provides, in part:
No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. * * *
 {¶ 9} It is well-settled that "[a] corporation cannot maintain litigation in propria persona, or appear in court through an officer of the corporation or an appointed agent not admitted to the practice of law." Union Savings Assn. v. HomeOwners Aid (1970), 23 Ohio St.2d 60, syllabus. Accordingly, courts have held that a complaint or other pleading undertaken on behalf of a corporation by a non-attorney is a nullity. See, e.g., Coburn v. Toledo Hosp. (Jan. 19, 2001), Lucas App. No. L-00-1215; Talarek v. M.E.Z., Inc. (Sept. 10, 1998), Lorain App. No. 98CA007088; Sheridan Mobile Village, Inc. v. Larsen
(1992), 78 Ohio App.3d 203, 205; Palmer v. Westmeyer (1988),48 Ohio App.3d 296, 297; Bd. of Trustees for the Memorial CivilCtr. v. Carpenter Co. (Aug. 9, 1982), Allen App. No. 1-81-38. Accord Tubalcain Trust v. Cornerstone Constr., Inc. (May 26, 1994), Franklin App. No. 93APE12-1701 ("[a] trust, like a corporation, cannot act on its own behalf but, instead, must act through an individual. Since only attorneys can represent another party in litigation before a court, necessarily an attorney must be engaged to represent a trust"). See, also, Worthington CitySchool Dist. Bd. of Edn. v. Franklin Cty. Bd. of Revision
(1999), 85 Ohio St.3d 156.
 {¶ 10} Appellants do not deny that their May 2002 complaint, filed by a non-attorney, was improper. Rather, they argue that filing that complaint constituted an "attempted commencement" as that phrase is used in R.C. 2305.19, and, thus, an attorney's re-filing of the complaint, although outside the statute of limitations, was rendered timely by application of the savings statute.
 {¶ 11} The Ninth District Court of Appeals has addressed similar facts in Technical Constr. Specialties, Inc. v. Brouse McDowell (July 17, 1996), Summit App. No. 17583, which stated, in part:
Appellant argues the savings statute is applicable because the April 11, 1994 complaint was filed within the statute of limitations. Although the complaint was dismissed by the parties, appellant argues it is entitled to the statute's one year grace period because the refiled complaint named the same parties as in the original complaint. The narrow issue raised by this argument is whether the April 11, 1994 complaint was a commencement of an action as envisioned by the savings statute. We find it was not.
* * *
* * * Clearly, the April 11, 1994 complaint violated the explicit dictates of R.C. 4705.01. * * *
* * * [A]ppellant on April 11, 1994 did not "commence" an action and therefore, is not entitled to the one year grace period afforded under R.C. 2305.09.
 {¶ 12} We agree with this analysis. Appellants' May 2002 complaint having been a nullity, subsequent filings which fulfilled the requirements of R.C. 4705.01 but were filed outside the statute of limitations could not take advantage of the savings statute. The phrase "attempted commencement" cannot apply to a complaint filed in violation of R.C. 4705.01. To do so would be to condone the unauthorized practice of law.
 {¶ 13} Based upon these considerations, we find the trial court did not err in finding that appellants' complaints failed to state a claim upon which relief could be granted. Thus, appellants' sole assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Watson and Sadler, JJ., concur.
Watson, J., concurring in judgment only.