MEMORANDUM OPINION
{¶ 1} On November 18, 2003, appellants/cross-appellees, Robert Ranallo and Sheila Ranallo ("appellants"), filed a notice of appeal from an October 21, 2003 decision of the Lake County Court of Common Pleas. On November 20, 2003, appellee/cross-appellant, Cleveland Electric Illuminating Company ("appellee"), filed a notice of cross-appeal from the same judgment. In that decision, the trial court denied appellee's motion for summary judgment on the easement issue, and granted appellee's motion for summary judgment on whether appellee has a license coupled with an interest.
 {¶ 2} On April 7, 2004, this court ordered the parties to show cause why the appeal and cross-appeal should not be dismissed pursuant to Civ.R. 54(B). This order was based on claims still pending in the trial court.
 {¶ 3} Civ.R. 54(B) provides:
 {¶ 4} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liability of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
 {¶ 5} In the present case, while the trial court denied summary judgment on appellee's easement claim, and granted summary judgment on appellee's license plus interest claim, there still remain claims at the trial court level. These are the claims for a temporary or permanent injunction. Under these circumstances, there is no final appealable order. See Hughes v.Miner (1984), 15 Ohio App.3d 141.
 {¶ 6} Based on the foregoing analysis, this appeal and cross-appeal are hereby dismissed sua sponte pursuant to Civ.R. 54(B).
 {¶ 7} Appeal and cross-appeal dismissed.
Ford, P.J., O'Neill, J., concur.