[Cite as *Deutsche Bank Natl. Co. v. Caldwell*, 196 Ohio App.3d 636, 2011-Ohio-4508.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96249**

# DEUTSCHE BANK NATIONAL COMPANY,

APPELLEE,

v.

# CALDWELL ET AL.,

APPELLANTS.

## JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-697845

**BEFORE:** Keough, J., Kilbane, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 8, 2011

**ATTORNEYS:**

Reisenfeld & Associates, L.P.A., L.L.C., Sallie A. Conyers, and Matthew C. Steele, for appellees.

Robert E. Davis, for appellant.

**KATHLEEN ANN KEOUGH**, **JUDGE.**

{¶ 1} Defendant-appellant, Robert A. Caldwell, appeals from the judgment of the common pleas court granting the motions for default and summary judgment of plaintiff-appellee, Deutsche Bank National Company, and a decree of foreclosure for Deutsche Bank. We dismiss for lack of a final, appealable order.

I

{¶ 2} On July 7, 2009, Deutsche Bank, as trustee for the certificate holders of Morgan Stanley ABS Capital I Inc., Trust 2004-NC2, mortgage pass-through certificates Series 2004-NC2, filed a complaint in foreclosure against Robert A. and Frances Caldwell, Oasis Property and Investment, L.L.C., and the Ohio Bureau of Workers' Compensation, relating to the Caldwells' alleged nonpayment of a note secured by a mortgage on their residence. The matter was referred to a magistrate.

{¶ 3} Deutsche Bank subsequently moved for default against Oasis Property and Investment, which failed to answer the complaint. The trial court granted the default motion on November 18, 2009. Deutsche Bank then moved for summary judgment against the Caldwells, who responded to the motion after conducting discovery. On August 10, 2010, the trial court granted Deutsche Bank's motion for summary judgment and ruled that it would enter a foreclosure decree after Deutsche Bank submitted another copy of the note and a supplemental final judicial report.

{¶ 4} The Caldwells appealed, but because no final order of foreclosure had been entered, this court dismissed the appeal for lack of a final, appealable order. *Deutsche Bank*

*Natl. Co. v. Caldwell* (Sept. 23, 2010), Cuyahoga App. No. 95682. Thereafter, the case was reactivated in the trial court. Deutsche Bank complied with the trial court's order to submit additional documentation, and on November 5, 2010, the magistrate filed a decision ordering foreclosure. On December 2, 2010, the trial court issued a journal entry in which it adopted and incorporated the magistrate's decision and ordered: "Plaintiff's motions for default and summary judgment are granted. Decree of foreclosure for plaintiff."

{¶ 5} Robert Caldwell now appeals, asserting two assignments of error, both of which challenge the trial court's grant of summary judgment in favor of Deutsche Bank. We dismiss for lack of a final, appealable order.

II

{¶ 6} Appellate courts have jurisdiction to review the final, appealable orders of lower courts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte. *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 151 Ohio App.3d 428, 2003-Ohio-420, 784 N.E.2d 200.

{¶ 7} A trial court's judgment entry stating that it is adopting a magistrate's decision is not a final, appealable order. *Flagstar Bank, FSB v. Moore*, Cuyahoga App. No. 91145, 2008-Ohio-6163, ¶ 1. "To constitute a final appealable order, the trial court's journal entry must be a separate and distinct instrument from that of the magistrate's order and must grant relief on the issues originally submitted to the court." Id. "The court's judgment entry should address all issues submitted to the court for determination so that the parties may know, by referring to the judgment entry, what their responsibilities and

obligations may be." *In re Elliott* (Mar. 5, 1998), Ross App. No. 97 CA 2313. In short, the trial court, "separate and apart from the magistrate's decision," must enter its own judgment containing a clear pronouncement of the trial court's judgment and a statement of the relief granted by the court. *Flagstar Bank* at ¶ 8; *Ameriquest Mtge. Co. v. Stone*, Cuyahoga App. No. 89899, 2008-Ohio-3984, ¶ 3.

{¶ 8} Here, although the trial court's entry stated that it was a "separate and distinct instrument" from the magistrate's decision and was "grant[ing] relief on the issues submitted to the court," it failed to adequately do so. Although the entry granted default judgment, it did not say against which defendant. Likewise, it granted summary judgment for Deutsche Bank but did not say against whom; it also did not enter judgment in favor of Deutsche Bank against that defendant. Finally, although the entry granted a "decree of foreclosure" for Deutsche Bank, it did not provide any details of that decree. In short, the entry did not include a clear pronouncement of the trial court's judgment and the relief granted by the court. The trial court's entry did not enable the parties to refer to the entry and determine their responsibilities and obligations.

{¶ 9} The trial court's inclusion in the entry of Civ.R. 54(B) language that "there is no just cause for delay" does not overcome these deficiencies. It is well established that in a matter in which multiple claims and/or parties are involved, a judgment entry that enters final judgment as to one or more, but fewer than all, of the pending claims is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay." However, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell* (1989), 44

Ohio St.3d 92, 96, 540 N.E.2d 1381.

{¶ 10} The trial court's December 2, 2010 entry is not a final, appealable order.   We therefore lack jurisdiction and must dismiss the appeal.

Appeal dismissed.

**KILBANE**, A.J., and **CELEBREEZE**, J., concur.

_____