[Cite as *Scanlon v. Scanlon* , 2012-Ohio-2514.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97724

---

## JOHN SCANLON, ET AL.

### PLAINTIFFS

vs.

## PATTI C. SCANLON, ET AL.

### DEFENDANTS-APPELLEES

## [APPEAL BY PATRICK DANIEL SCANLON]

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-659632

**BEFORE:**  E. Gallagher, J., Celebrezze, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**  June 7, 2012

**FOR APPELLANT**

Patrick Daniel Scanlon, pro se
122 Stanley Place
Laplace, LA    70068

**ATTORNEYS FOR APPELLEES**

**For John L. Scanlon**

David M. Lenz
1111 Superior Avenue
Suite 1000
Cleveland, OH    44114

**For Brian Scanlon**

Fred W. Friend
2619 Edgerton Road
University Heights, OH    44118

**For Patti C. Scanlon**

Hugh A. Carlin
Hugh A. Carlin, Co., LPA
21300 Lorain Road
Fairview Park, OH    44126

Dipali Parikh
Dennis Rose
Hahn Loeser & Parks LLP
200 Public Square
Suite 2800
Cleveland, OH    44114

Mark F. Swary
3300 BP America Building
200 Public Square
Cleveland, OH    441142301

EILEEN A. GALLAGHER, J.:

{¶1} Appellant Patrick Daniel Scanlon appeals the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of the executrix of the estate of Gertrude Scanlon, appellee Patti Scanlon. For the following reasons, we dismiss for lack of a final, appealable order.

{¶2} Thomas P. Scanlon established the Thomas P. Scanlon Family Trust on October 25, 1990. Thomas P. Scanlon died on February 19, 2005 and his wife, Gertrude Scanlon, became trustee pursuant to the terms of the trust. The trust named several remainder beneficiaries and specified a percentage of the remaining trust assets they should receive upon Gertrude's death. These beneficiaries included Michael T. Scanlon, John J. Scanlon, Cecile O'Donnell, other relatives of Thomas P. Scanlon, a number of these individual's children and Gertrude's son from a previous relationship. Gertrude had withdrawn the entire trust principal by the time of her death on September 25, 2007, and the assets formerly held by the trust were allegedly divided as specified by her estate documents.

{¶3} On May 15, 2008, John J. Scanlon and Cecile O'Donnell filed a complaint in the Cuyahoga County Court of Common Pleas against Patti C. Scanlon ("Patti") in her capacity as executrix of the estate of Gertrude. The complaint further named a number of defendants who may have an interest in the litigation as remainder beneficiaries under the trust. The complaint alleged that Gertrude breached her fiduciary duties as trustee by removing the trust's principal and distributing it to herself prior to her death. The complaint further alleged that Gertrude's last will and testament left Gertrude's entire

probate estate to Patti and Brian T. Scanlon. The complaint sought an accounting of the trust transactions during the period in which Gertrude was the trustee and the return by Patti of all property distributed to Gertrude in violation of her fiduciary duties.

{¶4} Patti answered and filed a motion for summary judgment on November 12, 2008. On January 23, 2009, appellant and his brother, Michael T. Scanlon Jr., the sons of now deceased Michael T. Scanlon, sought leave to file a cross-claim against Patti in her capacity as executrix. The trial court granted leave and accepted appellant's cross-claim, which asserted a breach of fiduciary duty and sought a return of trust property by Patti. Patti did not respond to appellant's cross-claim in a timely manner and filed a late answer with a request for leave to file an answer on February 18, 2010. This request for leave was granted on November 21, 2011, the same day the court granted Patti's motion for summary judgment against the plaintiffs. After giving reasons for its decision, the trial court's journal entry states, "Defendant Patti C. Scanlon's, as executrix of the estate of Gertrude I. Scanlon, deceased, motion for summary judgment granted."

{¶5} Appellate courts have jurisdiction to review the final, appealable orders from lower courts. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02. In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte. *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. No. 96249, 2011-Ohio-4508, ¶ 6, citing *St. Rocco's Parish Fed. Credit Union v. Am. Online*, 151 Ohio App.3d 428, 2003-Ohio-420, 784 N.E.2d 200 (8th Dist.).

**{¶6}** "It is well established that in a matter in which multiple claims or parties are involved, a judgment entry that enters final judgment as to one or more, but fewer than all, the pending claims is not a final, appealable order in the absence of Civ.R. 54(B) language stating that 'there is no just reason for delay.'" *Wells Fargo Bank, N.A. v. Allen*, 8th Dist. No. 96611, 2012-Ohio-175, ¶ 12.

**{¶7}** An order of a court is a final and appealable order only if it meets the requirements of both Civ.R. 54(B) and R.C. 2505.02. *Ohio Leitina Co. v. Cleveland*, 8th Dist. No. 76441, 2000 WL 804622, *2, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 1999-Ohio-128, 716 N.E.2d 184. Relevant here, Civ.R. 54(B) provides:

> [w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

**{¶8}** The journal entry disposing of this case does not address appellant's cross-claim. No motion for summary judgment was pending on appellant's cross-claim because it was filed after Patti's motion for summary judgment was submitted. In fact, Patti's motion for summary judgment explicitly sought summary judgment only "against plaintiffs John J. Scanlon and Cecile O'Donnell." Furthermore, the trial court did not accept an answer by Patti to appellant's cross-claim until the same day Patti's motion for summary judgment against the plaintiffs was granted. Therefore, the trial court's order granting summary judgment cannot be construed to apply to appellant's cross-claim. The order appealed from does not dispose of all claims in the case or otherwise note why there should be no just reason for delay. Therefore, this court lacks a final, appealable

order from which jurisdiction flows.  *Whitaker-Merrell Co. v. Geupel Const. Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

**{¶9}**   This appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
JAMES J. SWEENEY, J., CONCURS