[Cite as *Kinasz v. S.W. Gen. Health Ctr.*, 2014-Ohio-402.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 100182

# MARY KINASZ, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JUSTYNA KINASZ (DECEASED)

PLAINTIFF-APPELLANT

vs.

# SOUTHWEST GENERAL HEALTH CENTER, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
### AFFIRMED IN PART; REVERSED IN PART; REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV 13-807768

**BEFORE:** Rocco, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 6, 2014

**ATTORNEY FOR APPELLANT**

Richard O. Mazanec
Wheeler & Manzanec
55 Public Square, Suite 850
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

C. Richard McDonald
Beverly A. Adams
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, East
Cleveland, Ohio 44114-2654

KENNETH A. ROCCO, J.:

{¶1} Plaintiff-appellant Mary Kinasz, as personal representative of the estate of Justyna Kinasz, appeals from the decision of the Cuyahoga County Court of Common Pleas granting defendants-appellees Southwest General Health Center and Southwest General Hospital's (collectively "Southwest General") motion to dismiss pursuant to Civ.R. 12(B)(6) and dismissing her complaint with prejudice. The common pleas court dismissed Kinasz's complaint on the ground that Kinasz could not proceed pro se, on behalf of the estate, in litigation against the defendants. Kinasz argues that the trial court erred as a matter of law or abused its discretion in dismissing the complaint with prejudice without providing prior notice under Civ.R. 41(B)(1). For the reasons set forth below, we find that the trial court erred in dismissing the complaint with prejudice. We, therefore, reverse the trial court's judgment and remand the case to the trial court with instructions to dismiss the complaint without prejudice.

{¶2} On May 21, 2013, Kinasz, as personal representative of the estate of Justyna Kinasz, refiled, pro se, a medical malpractice complaint against Southwest General and various John Doe defendants, alleging that they had provided substandard care to Kinasz's mother, Justyna Kinasz ("Justyna"), while treating her at Southwest General Hospital on April 22, 2011, and that Justyna had sustained severe and permanent injuries and damages

as a result of their negligence or recklessness. Kinasz had previously filed and dismissed her original complaint without prejudice pursuant to Civ.R. 41(A)(1).[1]

{¶3} On June 17, 2013, Southwest General filed a motion to dismiss the refiled complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Southwest General requested that the complaint be dismissed without prejudice on the grounds that Kinasz, who was not an attorney, could not represent the estate of Justyna Kinasz nor proceed pro se on behalf of the estate under Ohio law. On June 24, 2013, Kinasz filed a motion for extension of time to respond to Southwest General's motion to dismiss, claiming that she was in the process of retaining an attorney to represent the estate in the case. The trial court denied her motion, observing that the case was Kinasz's second attempt at handling the matter in a pro se manner and that the prior case had been voluntarily dismissed while a similar motion was pending. The court ordered that if Kinasz did not file a timely response to the motion to dismiss, the motion would be considered unopposed. On June 27, 2013, Kinasz filed a timely response in which she merely reiterated her request for an extension of time to retain an attorney to pursue a wrongful death and/or medical malpractice action on behalf of the estate.

---

[1] Kinasz, as personal representative of the estate of Justyna Kinasz, filed her original pro se complaint on October 10, 2012, in the Cuyahoga County Court of Common Pleas, Case No. CV 12-793313. On December 10, 2012, after Southwest General filed a motion to dismiss the complaint on the grounds that the estate was not represented by counsel, she voluntarily dismissed the complaint without prejudice pursuant to Civ.R. 41(A)(1). The record does not contain the original complaint or Southwest General's original Civ.R. 12(B)(6) motion, but the dates are referenced in other documents in the record.

**{¶4}** On July 1, 2013, the trial court granted Southwest General's motion to dismiss, stating that Ohio law "is clear that an estate cannot be represented by a non-attorney" and that Kinasz "does not contest this point of law." With respect to Kinasz's request for additional time to locate counsel for the estate, the trial court stated that Kinasz had had plenty of time to find an attorney to represent the estate and should have done so prior to refiling the complaint. The trial court dismissed the action with prejudice.

**{¶5}** Kinasz appealed, presenting the following two assignments of error:

**Assignment of Error I**

The trial court erred as a matter of law by dismissing the plaintiff's complaint on its own motion with prejudice without providing notice of its intent to dismiss with prejudice to the plaintiff as required by Civ.R. 41(B)(1) and Ohio case law.

**Assignment of Error II**

The trial court abused its discretion in dismissing the plaintiff's complaint with prejudice without giving prior notice of its intent to dismiss with prejudice to the plaintiff.

**{¶6}** As an initial matter, we first consider whether this court has jurisdiction to review this case. Although the parties do not raise the issue of jurisdiction, this court will "address the issue when jurisdiction appears uncertain." *FirstEnergy Corp. v. Cleveland*, 182 Ohio App.3d 357, 2009-Ohio-2257, 912 N.E.2d 1156, ¶ 3 (8th Dist.), citing *Kohout v. Church of St. Rocco Corp.*, 8th Dist. Cuyahoga No. 88969, 2008-Ohio-1819, and *Mosley v. 131 Foods, Inc.,* 8th Dist. Cuyahoga No. 87696, 2006-Ohio-5719.

**{¶7}** Appellate courts have jurisdiction to review final, appealable orders from lower courts. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02. In the absence of a final, appealable order, the appellate court lacks jurisdiction to review the matter and must dismiss the case sua sponte. *Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5, citing *Deutsche Bank Natl. Co. v. Caldwell*, 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, ¶ 6 (8th Dist.). As this court has previously held:

> "It is well established that in a matter in which multiple claims or parties are involved, a judgment entry that enters final judgment as to one or more, but fewer than all, the pending claims is not a final, appealable order in the absence of Civ.R. 54(B) language stating that 'there is no just reason for delay.'" *Scanlon* at ¶ 6, quoting *Wells Fargo Bank, N.A. v. Allen*, 8th Dist. Cuyahoga No. 96611, 2012-Ohio-175, 969 N.E.2d 309, ¶ 12.

**{¶8}** In *Mosley, supra*, this court held that where an action includes claims against John Doe defendants as to which the one-year period for service has not expired and the plaintiff has not expressly abandoned the claims against the John Doe defendants, a judgment in favor of other defendants that does not include the "no just reason for delay" language of Civ.R. 54(B) is not a final, appealable order. *Id.* at ¶ 5, citing *Colelli & Assoc., Inc. v. Cincinnati Ins. Co.*, 5th Dist. Tuscarawas No. 2002 AP 03 0015, 2002-Ohio-4840, and *Jackson-Summers v. Brooks*, 8th Dist. Cuyahoga No. 86522, 2006-Ohio-1357, ¶ 16, fn.1. Here, as in *Mosley*, the one-year period for service on the John Doe defendants had not expired before the court entered judgment, and the plaintiff had not expressly abandoned her claims against those defendants.

**{¶9}** Although the trial court's judgment entry did not expressly address the claims against the John Doe defendants and did not include the Civ.R. 54(B) language, we nonetheless find that we have jurisdiction to review this case. As the Ohio Supreme Court explained in *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 540 N.E.2d 266 (1989), "when all claims and parties are adjudicated in an action, Civ.R. 54(B) language is not required to make the judgment final." *Id.* at 21, citing *Commercial Natl. Bank v. Deppen*, 65 Ohio St.2d 65, 418 N.E.2d 399 (1981). Further, even if all the claims or parties are not expressly adjudicated by the trial court, "if the effect of the judgment as to some of the claims is to render moot the remaining claims or parties, then compliance with Civ.R. 54(B) is not required to make the judgment final and appealable." *Id.* at 21, citing *Wise v. Gursky*, 66 Ohio St.2d 241, 421 N.E.2d 150 (1981), and *Harleysville Mut. Ins. Co. v. Santora*, 3 Ohio App.3d 257, 444 N.E.2d 1076 (8th Dist.1982).

**{¶10}** After concluding that the estate could not be represented by a non-attorney on a pro se basis, the trial court ordered a complete dismissal of the matter with prejudice based upon the unauthorized practice of law. The trial court's judgment thus effectively disposed of all claims against all parties, including the claims against the John Doe defendants. Under these circumstances, we find that compliance with Civ.R. 54(B) was not required in order to make the trial court's judgment a final, appealable order and that this court, therefore, has jurisdiction to review the matter.

**{¶11}** Turning to the merits of the appeal, we review a trial court's decision granting a Civ.R. 12(B)(6) motion to dismiss under a de novo standard of review. *Doe v. Cleveland Metro. School Dist.*, 2012-Ohio-2497, 972 N.E.2d 637, ¶ 22 (8th Dist.), citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**{¶12}** A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). To prevail on a motion to dismiss pursuant to Civ.R. 12(B)(6), it must appear "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *O'Brien v. Univ. Community Tenants Union*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L. Ed.2d 80 (1957).

**{¶13}** The trial court dismissed the complaint in this case on the grounds that Kinasz, as a non-attorney, could not represent the estate. R.C. 4705.01 provides, in pertinent part:

> No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules. * * *

{¶14} "'[A] personal representative of a decedent's estate stands in the shoes of the decedent to assert claims on behalf of the estate.'" *Williams v. Griffith*, 10th Dist. Franklin No. 09AP-28, 2009-Ohio-4045, ¶ 13, quoting *Hosfelt v. Miller*, 7th Dist. Jefferson No. 97-JE-50, 2000-Ohio-2619. The personal representative represents the interests of the statutory next of kin. *Id.* Under Ohio law, a non-attorney personal representative of an estate may not litigate claims on behalf of the estate pro se because allowing a pro se litigant to represent others would constitute the unauthorized practice of law. *See, e.g., id.* at ¶ 15 (administrator of a decedent's estate could not bring a wrongful death claim pro se on behalf of next of kin); *Heath v. Teich*, 10th Dist. Franklin No. 06AP-1018, 2007-Ohio-2529, ¶ 11-12 (administrator could not pursue appeal on behalf of estate pro se; requirement that wrongful death action be brought in the name of personal representative of the estate did not "override the limits" on who can practice law under R.C. 4705.01); *Thompson v. THC, Inc.*, S.D.Ohio Case No. C-1-07-231, 2008 U.S. Dist. LEXIS 75632, *4-6 (Sept. 30, 2008) (dismissal of complaint filed by estate's administrator without prejudice was appropriate because even though administrator was a beneficiary, she was not the sole beneficiary and, therefore, could not represent the estate's interests pro se).

{¶15} Kinasz does not dispute that she lacked authority to bring a pro se action on behalf of her mother's estate. Rather, she contends that the trial court should have either (1) dismissed the complaint without prejudice, as requested by the defendants, or, (2)

given her prior notice of its intent to the dismiss the complaint with prejudice pursuant to Civ.R. 41(B)(1).

{¶16} Civ.R. 41(B)(1) provides:

Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

{¶17} The dismissal in this case was entered pursuant to Civ.R. 12(B)(6), not Civ.R. 41(B)(1). There is nothing in Civ.R. 12(B)(6) that requires a trial court to notify a plaintiff of its intention to grant a motion to dismiss for failure to state a claim upon which relief can be granted. *Williams,* 2009-Ohio-4045 at ¶ 9, citing *Thrower v. Slaby*, 9th Dist. Summit No. 16935, 1995 Ohio App. LEXIS 1625  (Apr. 19, 1995). With respect to her argument that she had no notice of a potential dismissal, Kinasz received a copy of Southwest General's motion to dismiss and filed a response to the motion. Accordingly, she was on notice that the court would rule on the motion and could dismiss the complaint.  Kinasz's argument that she was entitled to prior notice of the trial court's intention to dismiss her complaint under Civ.R. 41(B)(1), therefore, lacks merit.

{¶18} We do agree, however, that the dismissal should have been without prejudice rather than with prejudice. "When a non-attorney files a complaint in a court in violation of R.C. 4705.01, the court should dismiss the complaint without prejudice." *Williams v. Global Constr. Co., Ltd.,* 26 Ohio App.3d 119, 498 N.E.2d 500 (10th Dist.1985), paragraph two of the syllabus; *see also Sheridan Mobile Village, Inc. v. Larsen*, 78 Ohio App.3d 203, 205, 604 N.E.2d 217 (4th Dist.1992); *Loughrie v. W. End Motors, Inc.,* 7th Dist. Jefferson

No. 95-JE-11, 1995 Ohio App. LEXIS 5444, *4 (Dec. 13, 1995); *Micchia v. Matchak*, 11th Dist. Lake No. 11-217, 1986 Ohio App. LEXIS 9737,*2-3 (Dec. 5, 1986).   As the *Williams* court explained, it would be "inconsistent" for   a court to hold that a non-attorney had no authority to assert a claim on behalf of another, yet hold that the claim the non-attorney had wrongfully attempted to assert on behalf of that party was, as a result, subject to dismissal with prejudice.   *Williams*, 26 Ohio App.3d at 121.

{¶19} Accordingly, the trial court erred in dismissing the complaint with prejudice. Kinasz's first assignment of error is sustained in part.   We reverse the trial court's judgment in part and remand the case to the trial court with instructions to dismiss the complaint without prejudice.

{¶20} Based upon our resolution of Kinasz's first assignment of error, her remaining assignment of error is moot.

{¶21} Judgment affirmed in part, reversed in part, and remanded.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR