[Cite as *Fried v. Abraitis*, 2017-Ohio-746.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104650

## ADAM FRIED, FIDUCIARY OF THE ESTATE OF VLADA SOFIJA STANCIKAITE ABRAITIS

PLAINTIFF-APPELLEE

vs.

## SARUNAS V. ABRAITIS, ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 2015 ADV 203910

**BEFORE:** Keough, A.J., Stewart, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** March 2, 2017

**ATTORNEY FOR APPELLANT**

Catherine M. Brady
4417 W. 189th Street
Cleveland, Ohio 44135


**ATTORNEYS FOR APPELLEES**

**For Adam Fried**

Adam M. Fried
Martin T. Galvin
Paul R. Shugar
David J. Walters
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Ave., West
Cleveland, Ohio 44115

**For Vivian Abraitis-Newcomer**

Randall M. Perla
19443 Lorain Road
Fairview Park, Ohio 44126

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Sarunas V. Abraitis ("Sarunas"),[1] appeals from the trial court's judgment that denied his motion for summary judgment, granted the complaint for declaratory judgment of plaintiff-appellee, Adam Fried ("Fried"), fiduciary of the estate of Vlada Sofija Stancikaite Abraitis ("Vlada"), and ordered that Sarunas had no right to take under Vlada's will, and that any assets of the will be distributed to Vivian Abraitis-Newcomer ("Vivian"), as the personal representative of the estate of Vytautas Thomas Abraitis ("Vytautas"). Sarunas contends, for various reasons, that the trial court erred in denying his motion for summary judgment and in granting the complaint for declaratory judgment. However, because Vivian's cross-claim for attorney fees and costs remains undecided, the trial court's judgment does not constitute a final, appealable order. Accordingly, we lack jurisdiction to consider this appeal and must dismiss it.

{¶2} On January 9, 2015, Fried, in his capacity as administrator of Vlada's estate, filed a complaint for declaratory judgment against Sarunas and Vivian, in her capacity as personal representative of the estate of Vytautas.[2] The complaint sought a declaration that Sarunas's bad faith conduct had forfeited his interest under Vlada's will pursuant to R.C. 2907.10, and directing the executor to distribute any assets of her estate to the

---

[1] Sarunas died in January 2017. Pursuant to this court's order dated February 14, 2017,Catherine M. Brady, executor of Sarunas's estate, has been substituted as defendant-appellant in this appeal.

[2] Vlada died in 2008; Sarunas and Vytautas were her sons. Vytautas died in 2011 without children; his ex-wife, Vivian, is the fiduciary of his estate.

personal representative of Vytautas's estate.

{¶3}   On January 26, 2015, Vivian filed an answer to the complaint, along with a cross-claim against Sarunas for attorney fees and court costs she had incurred as a result of Sarunas's frivolous conduct and bad faith in the matter.   Subsequently, on February 13, 2015, Sarunas filed an answer to Vivian's cross-claim, denying that he had engaged in frivolous conduct and asserting various affirmative defenses.

{¶4}   Sarunas then filed a motion for summary judgment, claiming the statute of limitations had expired on Fried's forfeiture claim.   After a hearing, the trial court issued its judgment entry (1) denying Sarunas's motion for summary judgment, (2) finding that Sarunas's intentional withholding of Vlada's 1993 will deprived him of his right to take under the will as either a devisee or heir; (3) granting the complaint for declaratory judgment; and (4) ordering that any assets of the estate be distributed to Vivian, as the personal representative of Vytautas's estate.   The judgment entry made no mention, however, of Vivian's cross-claim.   This appeal followed.

{¶5}   An order must meet the requirements of both R.C. 2505.02 and Civ.R. 54(B), if applicable, to constitute a final, appealable order.   *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989).   Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment."   To determine the action and prevent a judgment, the order "must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court."   *Hamilton Cty. Bd.*

*of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

**{¶6}** Additionally, if the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. Under Civ.R. 54(B):

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties.

**{¶7}** Thus, absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Madfan, Inc. v. Makris*, 8th Dist. Cuyahoga No. 102179, 2015-Ohio-1316, ¶ 8, citing *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *Deutsche Bank Natl. Co. v. Caldwell*, 196 Ohio App.3d 636, 2011-Ohio-4508, 964 N.E.2d 1093, ¶ 9 (8th Dist.).

**{¶8}** This case involves multiple claims: Fried's claim for declaratory judgment and Vivian's cross-claim for attorney fees and costs. Although the trial court resolved the complaint for declaratory judgment, it did not rule on Vivian's cross-claim. Moreover, the trial court did not include in its judgment entry the mandatory Civ.R. 54(B)

language that there was no just reason for delay. Thus, the court's judgment is not a final, appealable order. *Madfan* at ¶ 10, citing *Thomas v. Roush*, 4th Dist. Gallia No. 10CA9, 2011-Ohio-1705; *Ranallo v. First Energy Corp.*, 11th Dist. Lake No. 2003-L-201, 2004-Ohio-2918, ¶ 5; *Limbert v. Gross*, 2d Dist. Shelby No. 17-85-20, 1987 Ohio App. LEXIS 6698, *2 (May 8, 1987).

**{¶9}** Article IV, Section 3(B)(2) of the Ohio Constitution limits appellate jurisdiction to the review of final judgments. Without a final, appealable order, we lack jurisdiction to consider this appeal and, accordingly, must dismiss it.

**{¶10}** Dismissed.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
MARY J. BOYLE, J., CONCUR