[Cite as *Baon v. Fairview Hosp.*, 2019-Ohio-3371.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DARRELL BAON, EXECUTOR OF
THE ESTATE OF SUE ANN BAON,

      Plaintiff-Appellant,

      v.

FAIRVIEW HOSPITAL, ET AL.,

      Defendants-Appellees.

:
:
:
:
:
:
:

No. 107946

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 22, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-897287

*Appearances:*

Cavitch, Familo & Durkin Co., L.P.A., and Gregory E. O'Brien, *for appellant.*

Moscarino & Treu, L.L.P., George M. Moscarino, and Katherine L. Moscarino, *for appellees* Cleveland Clinic Foundation, Fairview Hospital, Diya Alaedeen, M.D., Timothy Barnett, M.D., Erin Nagrant, M.D., and Rami Hazzi, M.D.

Poling Law, Brant E. Poling, Sabrina S. Sellers, and Zachary R. Hoover, *for appellee* Hassan Alzoubi, M.D.

Reminger Co., L.P.A., Holly M. Wilson, and Aaren R. Host, *for appellee* Grace Hospital.

Reminger Co., L.P.A., Brian T. Gannon, and Brian D. Sullivan, *for appellees* North Shore Gastroenterology, Inc., and Robert F. Straub, M.D.

Bonezzi Switzer Polito & Hupp Co., L.P.A., C. Richard McDonald, and Brian F. Lange, *for appellee* University Hospitals St. John Medical Center.

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant, Darrell Baon, executor of the estate of Sue Ann Baon, appeals the trial court's order denying his Civ.R. 60 motion for relief from judgment. He raises one assignment of error for our review:

The court below erred in failing to enter relief from judgment.

{¶ 2} Finding no merit to his assignment of error, we affirm.

## I. Procedural History and Factual Background

{¶ 3} Sue Ann Baon died on April 26, 2015. Darrell Baon, Sue Ann's husband, was appointed the executor of Sue Ann's estate.

{¶ 4} On April 26, 2017, Darrell, through counsel, filed a complaint against Fairview Hospital, the Cleveland Clinic Foundation, Grace Hospital, North Shore Gastroenterology, Inc., Dr. Robert F. Straub, Dr. Diya Alaedeen, Dr. Timothy Barnett, Dr. Erin Nagrant, Dr. Hassan Alzoubi, University Hospitals St. John Medical Center, Dr. Rami Hazzi, and John Does I-X ("defendants") in Cuyahoga C.P. No. CV-17-879458. His complaint alleged one count of wrongful death under R.C. Chapter 2151 et seq., specifically alleging that defendants provided negligent medical care that caused Sue Ann's death. He filed the complaint on behalf of Sue

Ann's next of kin and sought damages for her next of kin. On May 8, 2017, however, Darrell's counsel filed a notice of dismissal, and the trial court dismissed the case without prejudice.

{¶ 5} On May 7, 2018, Darrell refiled, pro se, his complaint against defendants. His complaint again alleged one count of wrongful death under R.C. Chapter 2151 et seq. and was identical to his original complaint. Attached to his pro se complaint was a motion to extend the period to file an affidavit of merit, in which Darrell stated that he was unable to file an affidavit of merit at the time he filed his complaint because he was not "provided a complete copy of the relevant medical records from defendants." He stated he needed additional time to retain counsel and to have the matter reviewed by a physician. Darrell retained counsel on May 31, 2018.

{¶ 6} Dr. Alzoubi filed an answer as well as a notice of a demand for dismissal, a brief in opposition to Darrell's request for an extension to file an affidavit of merit, and a motion to dismiss for failure to state a claim. Dr. Alzoubi moved to dismiss the action, arguing that Darrell failed to show good cause warranting an extension to file an affidavit of merit and, without that affidavit, failed to comply with Civ.R. 10(D)(2).

{¶ 7} Fairview Hospital, the Cleveland Clinic Foundation, and Doctors Straub, Alaedeen, Nagrant, and Hazzi filed a joint motion to dismiss, arguing that Darrell's pro se complaint constituted an unauthorized practice of law under R.C.

4705.01 and that the action was a nullity and failed to state a claim upon which relief could be granted.

{¶ 8} On June 6, 2018, Darrell filed a notice of filing his affidavit of merit.

{¶ 9} On June 7, 2018, Northshore Gastronenterology, Inc., and Dr. Straub filed a joint answer to Darrell's complaint. Doctors Barnett, Alaedeen, Nagrant, Hazzi, the Cleveland Clinic Foundation, and Fairview Hospital each filed separate answers to the complaint on June 14, 2018.

{¶ 10} On June 20, 2018, the court granted the motion to dismiss filed by the Cleveland Clinic Foundation, Fairview Hospital, and Doctors Straub, Alaedeen, Nagrant, and Hazzi. It noted that the motion was unopposed and dismissed the matter without prejudice.

{¶ 11} Darrell appealed the judgment, but this court dismissed his appeal under R.C. 2505.02 for lack of a final appealable order. *See Baon v. Fairview Hosp.,* 8th Dist. Cuyahoga No. 107461, entry dated July 20, 2018.

{¶ 12} On October 9, 2018, upon remand to the trial court, Darrell filed a motion for relief from judgment, which defendants opposed in separate briefs. Darrell also requested an oral argument. On November 28, 2018, the trial court denied both of Darrell's motions.

{¶ 13} On December 3, 2018, Darrell filed a notice of appeal.

## II. Law and Analysis

{¶ 14} In his sole assignment of error, Darrell argues that the trial court erred in denying his motion for relief from judgment under Civ.R. 60(B)(1) and (5).

{¶ 15} The trial court is vested with discretion in determining whether to grant a motion for relief from judgment under Civ.R. 60(B), and the court's ruling will not be disturbed on appeal absent an abuse of discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 25.

{¶ 16} Civ.R. 60(B) provides:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 17} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 18} A failure to establish any one of the foregoing circumstances is ordinarily fatal to a Civ.R. 60(B) motion. *See Rose Chevrolet, Inc.*, 36 Ohio St.3d at 20, 520 N.E.2d 564 (the trial court should overrule a Civ.R. 60(B) motion if the movant fails to meet any one of the foregoing three requirements); *GTE* at 151 (the three Civ.R. 60(B) requirements are "conjunctive").

{¶ 19} Turning to the first prong of the *GTE* test, movants do not need to prove they would prevail on the merits of their claim. Rather, they are required only to allege a meritorious claim or defense. *Volodkevich v. Volodkevich*, 35 Ohio St.3d 152, 154, 518 N.E.2d 1208 (1988). To satisfy the element of a meritorious defense, a movant must put forth an arguable position by which he or she could prevail on the claim should relief be granted. *Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 67, 479 N.E.2d 879 (1985). "'The law recognizes that a person has the inherent right to proceed pro se in any court, but that right pertains only to that person. It does not extend to the person's spouse, child, or solely owned corporation.'" *Williams v. Griffith*, 10th Dist. Franklin No. 09AP-28, 2009-Ohio-4045, ¶ 14, quoting *State v. Block*, 8th Dist. Cuyahoga No. 87488, 2007-Ohio-1979.

{¶ 20} We have recognized that "'[a] personal representative of a decedent's estate stands in the shoes of the decedent to assert claims on behalf of the estate' * * * [and to represent] the interests of the statutory next of kin." *Kinasz v. S.W. Gen. Health Ctr.*, 8th Dist. Cuyahoga No. 100182, 2014-Ohio-402, ¶ 14, quoting *Williams.* However, "[u]nder Ohio law, a non-attorney personal representative of an estate may not litigate claims on behalf of the estate pro se because allowing a pro

se litigant to represent others would constitute the unauthorized practice of law." *Id.*, citing *Williams.*

{¶ 21} "Section 2(B)(1)(g), Article IV of the Ohio Constitution grants the Ohio Supreme Court constitutional power to regulate and control all matters relating to the practice of law in the state." *Williams* at ¶ 14. Gov.Bar.R. VII 2(A) defines the unauthorized practice of law as "the rendering of legal services for another by any person not admitted to practice in Ohio[.]" R.C. 4705.01 states, in pertinent part:

> No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.

A complaint that is filed in violation of R.C. 4705.01 is a legal nullity. *DiPaolo Indus. Dev., L.L.C. v. Blair & Latell Co.*, 11th Dist. Trumbull No. 2014-T-0006, 2014-Ohio-4317, ¶ 14.

{¶ 22} The trial court's order dismissing Darrell's complaint stated, "Defendants' motion to dismiss * * * is unopposed and granted. *See*, in part, *Kinasz v. Southwest Gen. Health Ctr.*, 8th Dist. Cuyahoga No. 100182, 2014-Ohio-402." It is clear that the trial court dismissed Darrell's complaint, finding that he impermissibly filed his complaint pro se.

{¶ 23} Darrell argues that he has a meritorious claim because his complaint set forth a cognizable claim for wrongful death under R.C. 2321.01. He also argues

that while the complaint was defective "to the extent that it purported to assert claims on behalf of anyone else" besides himself, Darrell cured that defect by subsequently retaining representation. We disagree.

{¶ 24} In *Kinasz*, 8th Dist. Cuyahoga No. 100182, 2014-Ohio-402, we affirmed the trial court's order dismissing the plaintiff's lawsuit with prejudice under Civ.R. 12(B)(6). We agreed with the trial court that the plaintiff, a nonattorney and representative of her mother's estate, impermissibly filed her complaint pro se for medical malpractice on behalf of her mother's estate. We modified the trial court's order, however, finding that the trial court should have dismissed the plaintiff's lawsuit without prejudice. *Id.* at ¶ 18.

{¶ 25} Darrell argues that *Kinasz* is distinguishable because (1) the plaintiff in *Kinasz* was "attempting to recover on claims that belonged to her mother's estate," while his complaint sought his own benefit as a statutory beneficiary under the wrongful death statute, (2) *Kinasz* concerned a claim for medical malpractice, not wrongful death, and (3) Darrell retained counsel prior to the case being dismissed, unlike the plaintiff in *Kinasz*.

{¶ 26} Darrell is incorrect. Foremost, Darrell's refiled complaint states that he was bringing the action "on behalf of the next of kin of the decedent" and mentioned Sue Ann's next of kin six times. Further, nowhere in the complaint does he state or provide any allegation indicating that he is Sue Ann's only next of kin. In fact, according to the docket in Cuyahoga C.P. No. 2016EST219661, Darrell is only one of six beneficiaries of Sue Ann's estate, the other five being Sue Ann's children.

Because Darrell filed his complaint on behalf of others, his complaint violated R.C. 4705.01 and was a legal nullity. *See Thompson v. THC*, S.D. Ohio No. C-1-07-213, 2008 U.S. Dist. LEXIS 75632 (Sept. 30, 2008), citing *Sheridan Mobile Village, Inc. v. Larsen*, 78 Ohio App.3d 203, 604 N.E.2d 217 (4th Dist.1992) ("[W]here a plaintiff files a complaint on behalf of another party, and that complaint is not signed by an attorney, it is as if the complaint was never filed.").

{¶ 27} Further, the fact that Darrell's action was for wrongful death as opposed to medical malpractice makes no difference because he still filed an action on behalf of others (Sue Ann's next of kin), which constitutes an unauthorized practice of law under R.C. 4705.01. *See Williams*, 10th Dist. Franklin No. 09AP-28, 2009-Ohio-4045, ¶ 15-17 (appellant could not bring a wrongful-death claim on behalf of his son because even though he was the administrator of the decedent's estate, he was not an attorney).

{¶ 28} Additionally, while Darrell did retain counsel prior to dismissal, he did not cure his defective pleading as he argues. Darrell could not have amended his complaint because his complaint was a nullity, i.e., it was as if he never filed a complaint. *See DiPaolo Indus. Dev., L.L.C. v. Blair & Latell Co.*, 11th Dist. Trumbull No. 2014-T-0006, 2014-Ohio-4317, ¶ 10-16 (appellant's complaint was a legal nullity because it violated R.C. 4705.01 and was to be treated as if it was never filed).

{¶ 29} Finally, Darrell cannot "cure" his action because he failed to commence or attempt to commence an action for wrongful death within the statute of limitations, and his action is now time-barred. *See Geiger v. King*, 10th Dist.

Franklin No. 03AP-1228, 2004-Ohio-2137, ¶ 12 ("The phrase 'attempted commencement' cannot apply to a complaint filed in violation of R.C. 4705.01. To do so would be to condone the unauthorized practice of law."). The Ohio Supreme Court has defined "attempt to commence" as the "equivalent to the commencement thereof, * * * when the party diligently endeavors to procure a service[.]" *Pittsburgh, C.C. & S.L.R. Co. v. Bemis*, 64 Ohio St. 26, 29, 59 N.E. 745 (1901).

{¶ 30} To explain, Darrell had two years from Sue Ann's death, which occurred on April 26, 2015, to file his claim for wrongful death. R.C. 2125.02(D)(1). Darrell filed his original action on April 26, 2017. He voluntarily dismissed that action on May 8, 2017, pursuant to Civ.R. 41(A). Under Ohio's savings statute, R.C. 2305.19(A), Darrell had one year to refile his claim. The savings statute states that a party "may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." Nevertheless, "the savings statute can be used only once to refile a case." *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997 (1997). While Darrell filed his pro se action for wrongful death on May 7, 2018, which was within the one-year time period under the savings statute, that action was not properly commenced or attempted to be commenced. *See Abel v. Safety First Indus.*, 8th Dist. Cuyahoga No. 80550, 2002-Ohio-6482, ¶ 42 ("By its express language, the savings statute also applies where there has been an attempt to commence an action."). Even though Darrell tried to file an action pro se, that filing was a nullity and does not constitute

an "attempted commencement" for purposes of the savings statute. *See Geiger* at ¶ 12. Therefore, Darrell did not properly commence or attempt to commence his action within the one-year period, and he is barred from filing a claim for wrongful death by the statute of limitations. Because his claim is time-barred, he does not have a meritorious claim. *See Davis v. Upper Valley Med. Ctr.*, 2d Dist. Miami No. 05-CA-39, 2007-Ohio-1332, ¶ 10 (appellant did not have a meritorious claim because the statute of limitations had run); *Dean v. Dean*, 10th Dist. Franklin No. 95APF05-664, 1995 Ohio App. LEXIS 5864, 5 (Dec. 26, 1995) ("The trial court was correct that appellant had not presented a meritorious claim. The alleged misconduct by the psychologist occurred in 1990, and any claim for relief filed by appellee would be barred by the statute of limitations.").

{¶ 31} Nevertheless, *Kinasz* is distinguishable to the extent that in that case, we reviewed the trial court's dismissal under Civ.R. 12(B)(6), whereas in this case, we are reviewing the trial court's order denying Darrell's motion for relief from judgment under Civ.R. 60.

{¶ 32} In *Mays v. Toledo Hosp.*, 6th Dist. Lucas No. L-13-1233, 2014-Ohio-1991, however, the Sixth District reviewed the trial court's denial of the plaintiff's motion for relief from judgment on the grounds that the plaintiff was prohibited from maintaining a pro se action on behalf of his brother's estate's next of kin for negligence and wrongful death. The court agreed that the plaintiff was prohibited from maintaining her pro se action under R.C. 4705.01, and therefore, that the trial

court did not abuse its discretion when it denied the plaintiff's motion for relief under Civ.R. 60(B). *Id.* at ¶ 11-13.

{¶ 33} We reach the same conclusion in this case. Darrell's complaint clearly violates R.C. 4705.01 because he filed it on behalf of others. Therefore, his complaint is a legal nullity, and he does not have a meritorious claim because he failed to properly commence or attempt to commence an action for wrongful death. Because Darrell has failed to satisfy the first prong of the *GTE* test, it is not necessary to analyze the remaining two prongs. Therefore, we find that the trial court did not abuse its discretion in denying his motion for relief from judgment and overrule Darrell's assignment of error.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
EILEEN A. GALLAGHER, J., CONCUR