[Cite as *Cushing v. Sheffield Lake*, 2014-Ohio-4617.]

STATE OF OHIO            )            IN THE COURT OF APPEALS
                         )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN         )

RONDA K. CUSHING                      C.A. No.      13CA010464

      Appellant

      v.                             APPEAL FROM JUDGMENT
                                      ENTERED IN THE
CITY OF SHEFFIELD LAKE, et al.        COURT OF COMMON PLEAS
                                      COUNTY OF LORAIN, OHIO
      Appellees                      CASE No.      12CV178065

## DECISION AND JOURNAL ENTRY

Dated: October 20, 2014

---

BELFANCE, Presiding Judge.

{¶1}   Appellant, Rhonda Cushing, appeals the order of the Lorain County Court of Common Pleas that dismissed her complaint for wrongful death. This Court reverses.

I.

{¶2}   After her husband died in a car accident, Rhonda Cushing sued the City of Sheffield Lake for wrongful death in connection with the fire department's response at the scene. The complaint named Ms. Cushing individually and as her husband's personal representative, as required by R.C. 2125.01, but Ms. Cushing filed the complaint pro se in order to comply with the statute of limitations. Sheffield Lake moved to dismiss the complaint, arguing that Ms. Cushing could not appear pro se as her husband's personal representative and that, without the personal representative, the trial court was required to dismiss the complaint. Although Ms. Cushing had retained counsel at that point, the trial court granted the motion to dismiss. Ms. Cushing appealed.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR RECONSIDERATION AND DISMISSING THE CLAIMS OF [MS. CUSHING], AS THERE IS PRECEDENT FOR THE AMENDMENT OF A COMPLAINT FOR WRONGFUL DEATH AFTER THE EXPIRATION OF THE STATUTE OF LIMITATIONS.

{¶3} Ms. Cushing's sole assignment of error is that the trial court erred by dismissing her complaint instead of permitting amendment under Civ.R. 15. This Court agrees.

{¶4} Wrongful death is a statutory claim created by R.C. 2125.01, which provides that "[w]hen the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued * * * shall be liable to an action for damages[.]" Wrongful death actions must be brought "in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children and the parents of the decedent[.]" R.C. 2125.02(A)(1). The real parties in interest in a wrongful death action are the beneficiaries, while the personal representative is a nominal party to the case. *Toledo Bar Assn. v. Rust*, 124 Ohio St.3d 305, 2010-Ohio-170, ¶ 21. In other words, the statute does not require the personal representative to *bring* the action, but that the action must be brought *in the name of* the personal representative. *Id.* As the Ohio Supreme Court explained in an earlier case:

> The requirement of the wrongful death statute that the prosecution of the action be in the name of the personal representative is no part of the cause of action itself, but relates merely to the right of action or remedy. That requirement was obviously intended for the benefit and protection of the surviving spouse, children and next of kin of a decedent, the real parties in interest. The personal representative is only a nominal party. Nor does the statute require that the personal representative shall bring the action, but merely provides that the action, if brought, shall be brought in the name of the personal representative. The only

concern defendants have is that the action be brought in the name of the party authorized so that they may not again be ha[i]led into court to answer for the same wrong.

(Internal citations omitted.)  *Douglas v. Daniels Bros. Coal Co.*, 135 Ohio St. 641, 647-648 (1939).

{**¶5**}  Consequently, the Ohio Supreme Court has recognized that when a beneficiary files a complaint in the name of the personal representative although, in fact, she has not been appointed as such, that mistake can be corrected by an amended pleading that relates back to the original date of filing.  *Id*. at 648.  In another case, the Court concluded that when a complaint was brought in the name of an ancillary administrator who was later replaced, the subsequent appointee could be substituted.  *Kyes v. Pennsylvania R. Co.*, 158 Ohio St. 362, 364-366 (1952).  In so holding, the Court emphasized that the personal representative need not bring the action as long as the action is brought in the name of the personal representative at the time the complaint is filed.  *Id*. at 365.  ("[U]nder the provisions of the statute it is not even necessary that the representative bring the action.  The requirement is merely that the action be brought in his name.")  Similarly, the Supreme Court has concluded that an attorney who filed a wrongful death case on behalf of his beneficiary-client in the name of the personal representative, but without the personal representative's authority to do so, did not commit a violation of the Ohio Rules of Professional Conduct.  *Rust* at ¶ 46.

{**¶6**}  The status of the personal representative as a nominal party in whose name the action must be brought is significant in our analysis of this case.  Sheffield Lake moved to dismiss Ms. Cushing's complaint under the theory that Ms. Cushing could not file the complaint pro se in her capacity as personal representative.  Sheffield Lake reasoned that the complaint was a nullity with respect to her capacity as personal representative and that the entire complaint had

to be dismissed with prejudice because, without the personal representative, the claim failed under R.C. 2125.02(A)(1). There are several problems with this analysis.

{¶7} First, Sheffield Lake cited *Talarek v. M.E.Z.*, *Inc.*, 9th Dist. Lorain No. 98CA007088, 1998 WL 713226 (Sept. 10, 1998) (journal entry) for the proposition that an initial pleading filed on behalf of a corporation by a non-attorney is a nullity that fails to invoke the trial court's jurisdiction. *Talarek*, however, is not an *opinion* of this Court, and its value as precedent is limited. *See* Rep.Op.R. 3.1, 3.4.

{¶8} Second, and more substantively, application of that rule in the context presented by this case disregards the unique requirements of R.C. 2125.02(A)(1). Ms. Cushing, as a statutory beneficiary of her husband, is the real party in interest. R.C. 2125.02(A)(1) requires a wrongful death action for her benefit to be brought in the name of the personal representative. As the cases cited above illustrate, it is appropriate for Ms. Cushing – either acting pro se or through an attorney – to file a complaint in the name of the personal representative, and any defects in doing so can be cured by amendment. In other words, filing a complaint in the name of the personal representative is different than purporting to represent the interests of another individual, a corporation, or a different legal entity. By filing her complaint pro se, Ms. Cushing did not attempt to represent a third party, but merely captioned her complaint in the name of the nominal party required by statute. In this respect, we also observe that Ms. Cushing and the personal representative are one and the same.

{¶9} Because Ms. Cushing did not represent a third party pro se but merely brought a complaint in the name of the nominal party required by statute, the trial court erred by analyzing this case as one involving the unauthorized practice of law and in concluding that the complaint she filed was a nullity. The complaint was brought in the name of the personal representative, as

required by R.C. 2125.02(A)(1), and dismissal was not warranted on that basis. In reaching this conclusion, we emphasize that our analysis is confined to the wrongful death statute, R.C. 2125.02, and that there are no other claims at issue in this case that Ms. Cushing sought to pursue in a representative capacity. In addition, it is significant that Ms. Cushing is the only statutory beneficiary at issue in this case. For that reason, we are not presented with a situation in which a plaintiff attempted to file an action in the name of the personal representative but also on behalf of herself and other beneficiaries in a pro se capacity.

{¶10} Ms. Cushing's assignment of error is sustained.

III.

{¶11} Ms. Cushing's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed.

Judgment reversed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
<u>CONCURS.</u>

CARR, J.
<u>CONCURRING.</u>

{¶12}  I concur with the majority that the trial court's judgment dismissing the wrongful death action must be reversed.  I would conclude, however, that dismissal was not appropriate in this case only because, when Ms. Cushing filed the complaint pro se, she was the sole statutory beneficiary.

{¶13}  R.C. 2125.02(A)(1) requires that wrongful death actions be brought "in the name of the personal representative of the decedent" for the benefit of the next of kin.  Proceeds from a wrongful death action do not become assets of the decedent's estate, but rather inure to the benefit of the statutory beneficiaries.  *State ex rel. Goldberg v. Mahoning Cty. Probate Court*, 93 Ohio St.3d 160, 163-164 (2001); *Tennant v. State Farm Mut. Ins. Co.*, 81 Ohio App.3d 20, 23-24 (9th Dist.1991) ("Wrongful death actions in this state are not intended to compensate the decedent or her estate for personal injury, pain and suffering.  Therefore, the damages recovered do not become assets of the estate, but are to be distributed to the beneficiaries.")  Moreover, this Court has recognized that "the estate does not have a claim under the wrongful death statute." *Id.* at 24.  Therefore, Ms. Cushing's pro se representation in the wrongful death action did not purport to, and could not as a matter of law, advocate on behalf of the estate, because the estate

had no interests to protect. Instead, by filing the complaint, Ms. Cushing could only purport to represent the interests of the statutory beneficiaries.

{¶14} In this case, no party disputes that Ms. Cushing was the administrator of her late husband's estate at the time she filed the complaint. Moreover, there is no dispute that the action was brought in the name of the personal representative of the decedent. Of critical importance is the undisputed fact that Ms. Cushing is the sole statutory beneficiary in this case. She named no other next of kin to the decedent in her complaint. Furthermore, the City failed to allege, let alone demonstrate, in the record below the existence of any other statutory beneficiaries. Had there been any evidence that Mr. Cushing was survived by additional next of kin, I would conclude that Ms. Cushing, as a non-attorney, was not authorized to represent their interests. *Williams v. Griffith*, 10th Dist. Franklin No. 09AP-28, 2009-Ohio-4045, ¶ 15 (concluding that a non-attorney administrator of an estate had no authority to represent his son in a wrongful death action and that, moreover, he could not even represent merely his own interests in the case "because the action has to be maintained by the personal representative on behalf of the statutory next of kin in one action."); *see also In re D.L.*, 189 Ohio App.3d 154, 2010-Ohio-1888, ¶ 14 (6th Dist.) (holding that "[a] person's inherent right to proceed pro se in any court pertains only to that person and does not extend to the person's spouse, [or] child * * *."). Under the facts of this case, I would conclude that Ms. Cushing was not engaged in the unauthorized practice of law, as she was representing her own interests in the wrongful death action, and there were no other beneficiaries whose interests had to be represented. Accordingly, I would reverse the trial court's judgment dismissing the complaint.

APPEARANCES:

MARK G. PETROFF and CHRISTOPHER WINTERS, Attorneys at Law, for Appellant.

JAMES M. POPSON, Attorney at Law, for Appellee.