[Cite as *Taneff v. HCR ManorCare Inc.*, 2015-Ohio-3453.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SPECIAL ADMINISTRATOR THOMAS
TANEFF ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES
OF ANNA NESTOR

      Appellant

      v.

HCR MANORCARE, INC., et al.

      Appellees

C.A. No.      27554

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013 11 5391

DECISION AND JOURNAL ENTRY

Dated: August 26, 2015

WHITMORE, Judge.

{¶1} Appellant Patty Leaver, administratrix of the estate of Anna Nestor, was substituted for Thomas Taneff as the proper party to this appeal. Ms. Leaver appeals the trial court's grant of summary judgment in favor of Appellees, HCR ManorCare Services, Inc., HCR ManorCare, Inc., Heartland Employment Services, LLC, ManorCare of Barberton, OH, LLC, and Sara Burton (collectively, "ManorCare"). We reverse.

I

{¶2} Anna Nestor was a nursing home patient at ManorCare for 28 days before she died on November 19, 2011. Her daughter, Ms. Leaver, filed a wrongful death action against ManorCare on November 18, 2013, immediately prior to the two-year statutory time bar for wrongful death claims.

{¶3} Ms. Leaver filed the wrongful death suit individually, and on behalf of her mother's wrongful death beneficiaries. At the time of filing, no estate had been opened for Ms. Nestor, and Ms. Leaver was not the duly appointed personal representative of her mother's estate. Ms. Leaver hired probate attorney Thomas Taneff and began the process of opening an estate for her mother after she filed suit. Mr. Taneff was appointed special administrator of Ms. Nestor's estate after the complaint was filed.

{¶4} ManorCare moved for judgment as a matter of law on the ground that Ms. Leaver lacked standing to bring the wrongful death suit. ManorCare argued that Ms. Leaver lacked standing because she had not demonstrated that: (1) there was an estate, and (2) she was the duly appointed representative of the estate. Ms. Leaver did not respond to ManorCare's motion, but instead filed a second amended complaint,[1] substituting Special Administrator Taneff as the named party representative.

{¶5} ManorCare again moved for judgment as a matter of law, challenging Ms. Leaver's standing and capacity at the time of filing of the original complaint. The trial court found that ManorCare was entitled to summary judgment under Civ.R. 56 on the basis of Ms. Leaver's alleged lack of standing. Specifically, the trial court found that: (1) Ms. Leaver lacked standing to file the original complaint because she was not appointed personal representative of her mother's estate, and (2) because she lacked standing, the second amended complaint filed by Special Administrator Taneff did not relate back to the original filing, and was therefore time barred. The trial court did not address Ms. Leaver's capacity to file the original complaint.

---

[1] The first amended complaint merely corrected typographical errors.

**{¶6}** Ms. Leaver now appeals.[2] She raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN FINDING THAT THE PLAINTIFF IN A WRONGFUL DEATH ACTION MUST BE APPOINTED PERSONAL REPRESENTATIVE OF THE ESTATE IN ORDER TO HAVE STANDING.

**{¶7}** In her first assignment of error, Ms. Leaver argues that the trial court erred when it held that R.C. 2125.02(A)(1) requires a wrongful death beneficiary to be appointed the personal representative of the estate before the beneficiary will have standing to sue. We agree.

**{¶8}** "Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010–Ohio–6036, ¶ 9. Whether standing exists is a question of law that an appellate court reviews de novo. *State ex. rel. Ohio Chapter of Associated Builders & Contractors, Inc. v. Barberton City School Dist. Bd. of Edn.*, 188 Ohio App.3d 395, 2010-Ohio-1826, ¶ 10 (9th Dist.).

**{¶9}** Likewise, this Court reviews a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), summary judgment is only proper if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

---

[2] After the notice of appeal was filed, Mr. Taneff was removed as special administrator, and Ms. Leaver became the administratrix of the estate. ManorCare moved to dismiss the appeal based on Mr. Taneff's alleged lack of standing. This Court deferred ruling on the motion to dismiss. Subsequently, we ordered Ms. Leaver to either amend the notice of appeal to reflect her status as the personal representative of the estate, and to be substituted as the proper party to the appeal, or face dismissal. Ms. Leaver complied. We granted Ms. Leaver's motions to amend the notice of appeal and to be substituted as the proper appellant without deciding the ultimate issues on appeal.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶10} "The right to sue for wrongful death in Ohio is a statutorily created right." *Tennant v. State Farm Mut. Ins. Co.¸* 81 Ohio App.3d 20, 23 (9th Dist. 1991) citing *Rubeck v. Huffman*, 54 Ohio St.2d 20, 22 (1978). The wrongful death statutes are codified in R.C. Chapter 2125. The statute provides that a wrongful death action generally must be brought within two years of the decedent's death. R.C. 2125.02(D)(1). Further, "[w]rongful death actions must be brought 'in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children and the parents of the decedent[.]'" *Cushing v. Sheffield Lake*, 9th Dist. Lorain No. 13CA010464, 2014-Ohio-4617, ¶ 4, quoting R.C. 2125.02(A)(1). "A personal representative appointed in this state, with the consent of the court making the appointment and at any time before or after the commencement of a civil action for wrongful death, may settle with the defendant the amount to be paid." R.C. 2125.02(C).

{¶11} Here, the trial court's grant of summary judgment to ManorCare is based on Ms. Leaver's alleged lack of standing under R.C. 2125.02 to bring a wrongful death action, because she was not the personal representative of the estate when she filed the original complaint. In so holding, the trial court has confused "standing" and "capacity." A party must have both standing and capacity to sue. *Mousa v. Mt. Carmel Health Sys.*, *Inc.*, 10th Dist. Franklin No. 12AP-737, 2013-Ohio-2661, ¶ 12. However, standing and capacity are distinct legal concepts under Ohio law. *See Reynolds v. HCR ManorCare, Inc.*, 9th Dist. Summit No. 27411, 2015-Ohio-2933, ¶ 13; *Eichenberger v. Woodlands Assisted Living Residence, LLC*, 10th Dist. Franklin No. 12AP-987, 2013-Ohio-4057, ¶ 14-15; *Country Club Townhouses North Condominium Unit Owners Assn. v. Slates*, 9th Dist. Summit No. 17299, 1996 WL 28003, *2 (Jan. 24, 1996).

{¶12} "Capacity concerns a determination as to whether an individual may properly sue, either as an entity or on behalf of another." *Mousa* at ¶ 13, citing *Natl. City Mtge. v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-5940, ¶ 11. "Capacity to sue or be sued does not equate with the jurisdiction of a court to adjudicate a matter; it is concerned merely with a party's right to appear in a court in the first instance." *Skipper* at ¶ 11 quoting *Country Club Townhouses-North Condominium Unit Owners Assn.* at *3.

{¶13} Standing, on the other hand, is jurisdictional and involves whether a party has a personal stake in the outcome of an action, rather than a representative or nominal interest in the claim. *Reynolds* at ¶ 13-14. A party has standing if it is a real party in interest. *Id.* at ¶ 14. A real party in interest is an individual who has suffered an injury in a matter. *Id.*, citing *Mousa* at ¶ 12.

{¶14} With respect to the requirements of R.C. 2125.02(A)(1), this Court has held that "[t]he real parties in interest in a wrongful death action are the beneficiaries, while the personal representative is a nominal party to the case." *Cushing*, 2014-Ohio-4617 at ¶ 4, citing *Toledo Bar Assn. v. Rust*, 124 Ohio St.3d 305, 2010-Ohio-170, ¶ 21. Section 2125.02(A)(1) provides that surviving children, among others, are the beneficiaries of a wrongful death action. Accordingly, Ms. Leaver is a beneficiary here. As a beneficiary, she is a real party in interest, and thus has standing to bring the wrongful death claim. *See Reynolds*, 2015-Ohio-2933 at ¶ 14, 16.

{¶15} ManorCare argues that children of the decedent do not inevitably have standing under the wrongful death statute. In support of this argument, ManorCare cites to cases for the proposition that, when a statute conveys standing, the constitutional requirement of a personal stake in the controversy is irrelevant. ManorCare's argument is not well taken. The cases to

which ManorCare cites hold that statutory standing may expand the scope of potential plaintiffs beyond those that would otherwise have a stake in the controversy, not that the existence of a statute obviates the standing of a party with a personal stake in the controversy, particularly when the wrongful death statute at issue specifies that surviving children indeed are the real parties in interest to the action. In *Ohio Valley Associated Builders & Contrs. v. DeBra-Kuempel*, 192 Ohio App.3d 504, 2011-Ohio-756, ¶ 18-20, 29 (2d Dist.), a case on which ManorCare relies, the statute at issue expanded standing to individuals who may not have suffered a direct injury under the prevailing wage law. Likewise, the court in *Ohio Valley Associated Builders & Contrs. v. Indus. Power Sys., Inc.*, 190 Ohio App.3d 273, 2010-Ohio-4930 (6th Dist.) held that dismissal was inappropriate because the statute at issue authorized the plaintiff association to file suit even though it had not suffered a personal injury. *Id.* at ¶ 14-26.

{¶16} Similarly, R.C. 2125.02 expands the scope of possible plaintiffs with standing from the narrower confines of those with an immediate stake in the controversy, to include the personal representative of an estate, who may or may not have a personal stake in the outcome of the litigation. Together with Civ.R. 17, the statute specifically provides an exception to the requirement that a real party in interest be named in the caption of the case. Civ.R. 17(A) ("An executor *** or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought.") However, R.C. 2125.02 does not nullify the standing of a real party in interest, who, under the wrongful death statute, is the beneficiary of a wrongful death claim.

{¶17} The first assignment of error is sustained.

## Assignment of Error Number Two

THE TRIAL COURT ERRED IN FINDING THAT RELATION BACK DID NOT APPLY TO THE SECOND AMENDED COMPLAINT.

{¶18} In her second assignment of error, Ms. Leaver argues that the trial court erred when it held that the second amended complaint filed by Special Administrator Taneff did not relate back to the original complaint, and consequently was time barred under the two-year limitation on wrongful death actions in R.C. 2125.02(D). We agree.

{¶19} ManorCare argues that relation back should not be permitted here because the wrongful death statute must be strictly construed. According to ManorCare, when the suit is not brought in the name of the personal representative in the first instance, the complaint fails to state a cause of action and is a nullity, so that there is no complaint to which a subsequent pleading may relate.

{¶20} ManorCare's argument for strict construction of R.C. 2125.02 relies in significant part on *Sabol v. Pekoc*, 148 Ohio St. 545 (1947). The *Sabol* court acknowledged that no cause of action for wrongful death existed at common law, and "[u]nless a petition for wrongful death is filed strictly according to the essential terms of the wrongful-death act, such petition does not state a good cause of action because the act is the sole source of the right upon which the petition is based." *Id.* at 552, 558. The Court found that the two-year time limitation found in R.C. 2125.02 is an essential term of the act, so that a wrongful death claim filed for the first time outside of that time limitation is time barred, even if the late filing is due to fraud. *Id.* at 558. ManorCare appears to invoke *Sabol* to make the requirement of R.C. 2125.02 that the case be captioned in the name of the personal representative of the decedent's estate an essential term. However, the Supreme Court of Ohio has already rejected this argument in *Douglas v. Daniel Bros. Coal Co.*, 135 Ohio St. 641 (1939).

{¶21} In *Douglas*, the Supreme Court of Ohio held that an amended wrongful death petition related back to the filing of the original complaint, and the action was deemed

commenced within the statutory time limit, when the wrongful death plaintiff amended her petition to show that she was appointed administratrix after the limitation period had expired. *Id.* at paragraph one of the syllabus. In so holding, the Court considered whether the requirement of the wrongful death statute that the prosecution of the action be in the name of the personal representative is an essential term. The Court found that it was not an essential term, but rather found that the requirement is "no part of the cause of action itself." *Id.* at 647. Specifically, the Court stated:

> The requirement of the wrongful death statute that the prosecution of the action be in the name of the personal representative is no part of the cause of action itself, but relates merely to the right of action or remedy. That requirement was obviously intended for the benefit and protection of the surviving spouse, children and next of kin of a decedent, the real parties in interest. The personal representative is only a nominal party. Nor does the statute require that the personal representative shall bring the action *** but merely provides that the action, if brought, shall be brought in the name of the personal representative. The only concern defendants have is that the action be brought in the name of the party authorized so that they may not again be haled into court to an[s]wer for the same wrong.

*Id.* at 647-48.

{¶22} Indeed, both the Supreme Court of Ohio and this Court have said that the wrongful death statute should not be strictly construed, but rather "is procedural and remedial in nature and should be given a liberal construction." *Stone v. Phillips*, 9th Dist. Summit No. 15908, 1993 WL 303281, *2 (Aug. 11, 1993) citing *Kyes v. Pennsylvania Rd. Co.*, 158 Ohio St. 362 (1952), paragraph two of the syllabus. We have recognized that R.C. 1.11 requires that "'[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice.'" *Stone* at *2, quoting R.C. 1.11.

{¶23} In *Stone*, this Court noted that Ohio courts have examined procedural issues surrounding the amendment of the original complaint, and the doctrine of relation back. *Stone* at

*3. "In addressing these questions, the courts balance the statute's avowed purpose to compensate beneficiaries with its technical requirements." *Id.* We explained that, "[i]n addressing amendment of wrongful death complaints, this court stressed that '[j]ustice abhors the loss of causes of action by pure technicalities.'" *Id.*, quoting *Bell v. Coen*, 48 Ohio App.2d 325, 327 (9th Dist.1975). "In that tradition, case law in Ohio illustrates that trial courts liberally permit pleadings to be amended to cure a defect, so that determinations may be made on the merits." *Stone* at *3, citing *Archdeacon v. Cincinnati Gas & Elec. Co.*, 76 Ohio St. 97, 107 (1907); *Patterson v. V&M Auto Body*, 63 Ohio St.3d 573, 577 (1992).

{¶24} We also have recognized that an amendment with respect to a plaintiff's capacity to sue – such as the amendment at issue here – relates to the right of action, and not the substantive cause of action. *Stone* at *3, citing *Douglas*, 135 Ohio St. at 647. "Therefore, substitution of parties is the proper remedy, rather than dismissal of the action." *Id.*, citing *De Garza v. Chetister*, 62 Ohio App.2d 149, 155 (6th Dist.1978).

{¶25} Respecting the doctrine of relation back, we said that the general rule is that the appointment of the administrator relates back to the filing of the petition. *Stone*, 1993 WL 303281 at *3, citing *Archdeacon* at 106-107. Relation back is not applied only if a new cause of action is introduced, such that the defendant would suffer prejudice. *Id.*, citing *Burwell v. Maynard*, 21 Ohio St.2d 108, 111 (1970).

{¶26} Remaining mindful of the liberal amendment and relation back allowances for wrongful death petitions, we held in *Stone* that an amended wrongful death complaint related back to the original filing date. *Stone* at *4. In that case, the mother of the decedent and grandmother of the decedent's three minor children filed a wrongful death petition and referred to herself as "Executrix of the Estate" and "Guardian" of the children. *Id.* As in the instant case,

there was no estate in existence at the time of filing of the original complaint, and no guardian had yet been appointed for the children. *Id.* When the plaintiff later sought amendment to change the caption on the complaint, her attorney's name was substituted as personal representative, and she had been duly appointed guardian. *Id.* We held that relation back was appropriate when: (1) the record contained no evidence that the plaintiff acted other than on the reasonable belief that, as the closest relative of the decedent, she would be appointed administrator; (2) there was no evidence that the defendant was prejudiced by the substitution of party names where all of the real parties in interest and claims remained the same; and (3) all of the beneficiaries were appropriately represented in the suit, so that the defendant did not need to fear being sued repeatedly for the same alleged wrong. *Id.*

{¶27} *Stone* is strikingly similar to this case and compels a similar conclusion. Here, Ms. Leaver is an immediate relative of the deceased, and is explicitly one of the beneficiaries of R.C. 2125.02(A)(1). Just as in *Stone*, Ms. Leaver named herself representative of the wrongful death beneficiaries in her original complaint, even though no estate had been opened, and she was not the duly appointed personal representative of the estate. Also like in *Stone*, Ms. Leaver amended her complaint after the expiration of the two-year time limitation on wrongful death actions, naming her attorney as the personal representative of the estate. As in *Stone*, there is no evidence here that, when she filed her original complaint, Ms. Leaver believed other than that she would be appointed administrator of her mother's estate. Nor is there evidence that ManorCare has been prejudiced by the substitution of party names; ManorCare does not face any new claims or adverse parties as a result of the amendment, and has been aware of the claims against it since the commencement of the lawsuit. Furthermore, ManorCare has not made any allegation that it will be subject to future litigation brought by improperly excluded beneficiaries.

Accordingly, we hold that Ms. Leaver's second amended complaint relates back to the date the original complaint was filed, and thus is not time barred under R.C. 2125.02(D).[3]

{¶28} We do not believe our conclusion to be irreconcilably at odds with *Ramsey v. Neiman*, 69 Ohio St.3d 508 (1994). In *Ramsey*, four Justices, the majority, joined in the concurring opinion and concluded that, under the express language of R.C. 2125.02(C), a personal representative must be appointed by a court before the case is settled (or judgment rendered), not before it is filed. *Id.* at 513-514 (Pfeifer, J., concurring in judgment only). Only three Justices joined the lead opinion's reasoning that the appointment of a personal representative of a decedent's estate should be a condition precedent to the institution of a wrongful death action. *Id.* at 511. Further, in the case below, the facts were that the plaintiff may never have taken any steps to be appointed as personal representative, so there would have been no amended pleading substituting a duly appointed representative of the estate to relate back to the original filing. *Ramsey v. Neiman*, 9th Dist. Summit No. 15786, 1993 WL 21005, *2 (Jan. 27, 1993). This Court has explained that "we chose not to extend the holding in *Ramsey* beyond its own facts." *Stone*, 1993 WL 303281 at *3.[4] Accordingly, there is no conflict

---

[3] We are not persuaded by ManorCare's concern that allowing relation back under these circumstances could result in an indefinite extension of the time to bring a wrongful death suit in compliance with R.C. 2125.02(A)(1), or that wrongful death defendants are put at risk of multiple, concurrent claims if a personal representative can be appointed sometime after the filing of the original complaint. We agree with the concurrence in *Ramsey v. Neiman*, 69 Ohio St.3d 508 (Ohio 1994) that summary judgment would provide an effective "mechanism to screen out those plaintiffs who have not received court appointment after filing their complaints" (or are not acting diligently to seek appointment of a personal representative). *Id.* at 514 (Pfeifer, J., concurring in judgment only).

[4] "No personal representative had been appointed, even at the time of oral argument, in the *Ramsey* case. That decision, holding that 'the doctrine of relation back should not apply' is inapplicable to this case where we have an appointment to relate back." *Stone*, 1993 WL 303281 at *5 (Cook, P.J., concurring.)

between *Ramsey* and our holding today that Ms. Leaver's second amended complaint relates back to her original filing, and therefore, is not time barred under R.C. 2125.02(D).

{¶29} Ms. Leaver's second assignment of error is sustained.

### III

{¶30} Ms. Leaver's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL J. FULLER, JR. and D. BRYANT CHAFFIN, Attorneys at Law, for Appellant.

ROBERT M. ANSPACH, J. RANDALL ENGWERT, and DAVID J. BORELL, Attorneys at Law, for Appellees.