MISCELLANEOUS ORDER
On August 6, 2019, this case was initiated by the filing of a notice of appeal and memorandum in support of jurisdiction that indicated they were filed by "Nationwide Biweekly Administration, Inc." but did not contain the signature of an attorney. S.Ct.Prac.R. 2.01(A)(1)(b) states that "[o]nly persons who are attorneys qualified pursuant to division (A)(1)(a) of this rule may file documents on behalf of another person or entity." The certificates of service on the documents contained the name Daniel S. Lipsky. Review of the records of the Office of Attorney Services of the Supreme Court reveals that there is no Ohio registered attorney named Daniel S. Lipsky nor is there any record of an out-of-state attorney registered for pro hac vice status with the name Daniel S. Lipsky.
Because Nationwide Biweekly Administration, Inc., is an entity and incapable of filing on its own and Daniel S. Lipsky is not an attorney permitted to file documents on behalf of another person or entity, it is ordered by the court, sua sponte, that the name Daniel S. Lipsky is stricken from all documents filed in case No. 2019-1087. Daniel S. Lipsky is prohibited from filing any documents in this case, or any other case, on behalf of Nationwide Biweekly Administration, Inc., or any other person or entity. The clerk's office shall forward copies of the documents in this case to the Board on the Unauthorized Practice of Law for investigation and review as it deems appropriate. Appellant, Nationwide Biweekly Administration, Inc., shall file an amended notice of appeal and memorandum in support of jurisdiction, with the assistance of an attorney qualified pursuant to S.Ct.Prac.R. 2.01(A)(1)(a), within 30 days or this case shall be dismissed.