[Cite as *Bath Manor Special Care Ctr. v. Obasogie*, 2021-Ohio-2227.]

STATE OF OHIO     )
           )ss:
COUNTY OF SUMMIT    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

BATH MANOR SPECIAL CARE
CENTRE

    Appellee

    v.

SPENCER OBASOGIE, ON BEHALF OF
THE ESTATE OF CYNTHIA OBASOGIE,
DECEASED

    Appellant

C.A. No.     29507

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2019-02-0682

DECISION AND JOURNAL ENTRY

Dated: June 30, 2021

HENSAL, Judge.

{¶1} Spencer Obasogie, on behalf of the estate of Cynthia Obasogie, appeals from the judgment of the Summit County Court of Common Pleas, granting Bath Manor Special Care Centre's motion for judgment on the pleadings, and denying his motion for leave to amend the complaint. For the reasons that follow, this Court affirms.

I.

{¶2} Mr. Obasogie's mother, Cynthia Obasogie ("the Decedent"), passed away on November 11, 2015, while residing at Bath Manor Special Care Centre ("Bath Manor"). On November 8, 2017, Mr. Obasogie, on behalf of the estate and next of kin of the Decedent, filed a complaint against Windsong Care Center and Bath Manor (collectively, "Defendants"). He filed an amended complaint the following day, proceeding as the administrator of the estate of the

Decedent, and again bringing claims on behalf of the estate and next of kin. The amended complaint asserted survivorship and wrongful death claims premised upon Defendants' alleged medical negligence. Defendants moved to dismiss the survivorship claim on the basis that it was barred by the one-year statute of limitations, which the trial court granted. Bath Manor then moved to dismiss the wrongful death claim against it, arguing that the affidavit of merit failed to comply with Civil Rule 10(D)(2). The trial court granted Bath Manor's motion.

{¶3} On February 21, 2019, Mr. Obasogie, on behalf of the estate and next of kin of the Decedent, re-filed the complaint against Bath Manor, this time proceeding pro se. He again asserted survivorship and wrongful death claims. Bath Manor moved for judgment on the pleadings on the survivorship claim, again asserting that the claim was barred by the one-year statute of limitations. Bath Manor also filed a separate motion for judgment on the pleadings on the basis that Mr. Obasogie, a non-attorney, engaged in the unauthorized practice of law by filing a pro se wrongful death complaint on behalf of an estate that included his sister as a beneficiary. Mr. Obasogie then retained an attorney who moved for leave to amend the complaint to insert herself as counsel for the plaintiff.

{¶4} In a combined order, the trial court granted Bath Manor's motions for judgment on the pleadings, and denied Mr. Obasogie's motion for leave to amend the complaint. In doing so, the trial court determined that the survivorship claim was barred by the expiration of the statute of limitations, and that Mr. Obasogie engaged in the unauthorized practice of law by filing a pro se wrongful death complaint on behalf of an estate that included his sister as a beneficiary. In reaching this conclusion, the trial court distinguished this case from this Court's decision in *Cushing v. Sheffield Lake*, 9th Dist. Lorain No. 13CA010464, 2014-Ohio-4617, wherein this Court determined that the non-attorney personal representative of the decedent's estate did *not* engage in

the unauthorized practice of law when she filed a pro se wrongful death complaint on behalf of an estate because she (the personal representative) was the sole beneficiary of the estate. *Id.* at ¶ 8-9. This fact was "significant" to the majority opinion, and "[o]f critical importance" to the concurring opinion. *Id.* at ¶ 9; *id.* at ¶ 14 (Carr, J., concurring). The trial court, therefore, determined that *Cushing* supported its conclusion that Mr. Obasogie engaged in the unauthorized practice of law in light of the fact that Mr. Obasogie was not the sole beneficiary of the Decedent's estate. Accordingly, it concluded that the complaint was a nullity, and that it could not grant a motion for leave to amend a complaint that legally did not exist. Mr. Obasogie has appealed, raising two assignments of error for this Court's review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING [BATH MANOR]'S MOTION
FOR JUDGMENT ON THE PLEADINGS.

**{¶5}** In his first assignment of error, Mr. Obasogie argues that the trial court erred when it granted Bath Manor's motion for judgment on the pleadings with respect to the wrongful death claim. This Court disagrees.

**{¶6}** "This Court applies a de novo standard of review when reviewing a trial court's ruling on a motion for judgment on the pleadings." *Cashland Fin. Servs., Inc. v. Hoyt*, 9th Dist. Lorain No. 12CA010232, 2013-Ohio-3663, ¶ 7. Such a motion is "akin to a delayed motion to dismiss for failure to state a claim." *Id.* "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond a doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). In deciding a motion

for judgment on the pleadings, a trial court reviews only the "material allegations in the pleadings" and any attachments thereto. *Hoyt* ¶ at 7; *see Padula v. Wagner*, 9th Dist. Summit No. 27509, 2015-Ohio-2374, ¶ 13, quoting Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes.").

{¶7} Revised Code Section 2125.02(A)(1) requires that a wrongful death action be brought "in the name of the personal representative of the decedent" for the benefit of the next of kin. "The real parties in interest in a wrongful death action are the beneficiaries, while the personal representative is a nominal party to the case." *Cushing*, 2014-Ohio-4617, at ¶ 4, citing *Toledo Bar Assn. v. Rust*, 124 Ohio St.3d 305, 2010-Ohio-170, ¶ 21. The personal representative "stands in the shoes of the decedent to assert claims on behalf of the estate." *Williams v. Griffith*, 10th Dist. Franklin No. 09AP-28, 2009-Ohio-4045, ¶ 13, quoting *Hosfelt v. Miller*, 7th Dist. Jefferson No. 97-JE-50, 2000 WL 1741909, * 4 (Nov. 22, 2000).

{¶8} Mr. Obasogie argues that he, as the personal representative, brought this wrongful death action on behalf of a single person: himself in his capacity as administrator of the Decedent's estate. He asserts that the trial court's decision conflated the identity of the plaintiff (i.e., him as the personal representative and administrator of the Decedent's estate) with the beneficiaries (i.e., him and his sister). He argues that the complaint, even if brought for the benefit of himself and his sister as beneficiaries of the estate, complied with the wrongful death statute, and did not conflict with case law on the issue. Regarding *Cushing*, Mr. Obasogie asserts that the fact that the estate in *Cushing* included no other beneficiaries is a distinction without a difference, and that *Cushing* supports his position that he did not engage in the unauthorized practice of law. This Court disagrees.

{¶9} In *Cushing*, this Court recognized that a pro se, non-attorney personal representative can bring a wrongful death action on behalf an estate when the estate contains no additional beneficiaries. *Cushing* at ¶ 9. As previously noted, the fact that the estate in *Cushing* did not include additional beneficiaries aside from the personal representative was "significant" to the majority opinion, and "[o]f critical importance" to the concurring opinion. *Id.*; *id.* at ¶ 14 (Carr, J., concurring) ("Of critical importance is the undisputed fact that [the appellant] is the sole statutory beneficiary in this case. * * * Had there been any evidence that [the decedent] was survived by additional next of kin, I would conclude that [the appellant], as a non-attorney, was not authorized to represent their interests."). A non-attorney personal representative cannot bring a pro se wrongful death action when the estate includes additional beneficiaries because "the action has to be maintained by the personal representative on behalf of the statutory next of kin in one action[,]" and doing so would constitute the unauthorized practice of law. *Williams* at ¶ 15; *see* R.C. 4705.01 (prohibiting the unauthorized practice of law); *Baon v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 107946, 2019-Ohio-3371, ¶ 26 (concluding that the non-attorney appellant engaged in the unauthorized practice of law when he filed a pro se complaint on behalf of the decedent's next of kin, which included five other beneficiaries). Because Mr. Obasogie, a non-attorney, brought a pro se wrongful death action on behalf of an estate that included another beneficiary, he engaged in the unauthorized practice of law. *See, e.g.*, *Williams* at ¶ 11-15. The trial court, therefore, did not err when it granted Bath Manor's motion for judgment on the pleadings on that basis. Mr. Obasogie's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT.

**{¶10}** In his second assignment of error, Mr. Obasogie argues that the trial court erred by denying his motion for leave to amend the complaint. This Court disagrees.

**{¶11}** Civil Rule 15(A) provides, in part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court shall freely give leave when justice so requires." This Court reviews the denial of a motion for leave to amend a pleading for an abuse of discretion. *Jacobson-Kirsch v. Kaforey*, 9th Dist. Summit No. 26708, 2013-Ohio-5114, ¶ 12, citing *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122 (1991). An abuse of discretion denotes that the trial court's determination was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶12}** "A complaint that is filed in violation of R.C. 4705.01 [(i.e., the statute prohibiting the unauthorized practice of law)] is a legal nullity." *Baon*, 2019-Ohio-3371, at ¶ 21, citing *DiPaolo Indus. Dev., L.L.C. v. Blair & Latell Co., L.P.A.*, 11th Dist. Trumbull No. 2014-T-0006, 2014-Ohio-4317, ¶ 14. In other words, it is treated as if it was never filed. *Id.* at ¶ 28. A plaintiff, therefore, cannot amend a complaint that legally does not exist. *Id.*; *see Cannabis for Cures, L.L.C. v. State Bd. of Pharmacy*, 2d Dist. Clark No. 2018-CA-12, 2018-Ohio-3193, ¶ 11 (concluding that a request to amend a complaint that is a nullity is also a nullity).[1]

**{¶13}** As discussed in our resolution of Mr. Obasogie's first assignment of error, Mr. Obasogie engaged in the unauthorized practice of law when he filed a pro se wrongful death action on behalf of an estate that included his sister as a beneficiary. Because the complaint was filed in

---

[1] The rulings cited in the dissent are distinguishable. They address situations wherein the Ohio Supreme Court allowed litigants to file an amended notice of appeal when the initial notice of appeal appeared to have been filed in violation of the rules prohibiting the unauthorized practice of law.

violation of Section 4705.01, it was a legal nullity. *Baon* at ¶ 21. As a result, Mr. Obasogie could not amend his complaint to insert an attorney as counsel for the plaintiff. *Id.* at ¶ 28; *Cannabis for Cures, L.L.C.* at ¶ 11. The trial court, therefore, did not err by denying his motion for leave to amend the complaint. Mr. Obasogie's second assignment of error is overruled.

## III.

{¶14} Mr. Obasogie's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR, J.
DISSENTING.

{¶15} I respectfully dissent from the judgment of the majority as I would sustain Mr. Obasogie's second assignment of error. While the majority maintains that a complaint filed in violation of R.C. 4705.01 is a nullity and therefore cannot be amended, I disagree. In an instance where it appeared an individual engaged in the unauthorized practice of law by filing a notice of appeal and a memorandum in support of jurisdiction on behalf of a criminal defendant, the Supreme Court did not immediately dismiss the attempted appeal. *State v. Barnhart*, 158 Ohio St.3d 1401, 2020-Ohio-373. Instead, the Supreme Court offered the criminal defendant the opportunity to file an amended notice of appeal and an amended memorandum in support of jurisdiction either pro se, or with the assistance of qualified counsel. *See id.; see also John D. Smith Co., L.P.A. v Lipsky*, 156 Ohio St.3d 1482, 2019-Ohio-3216; *State ex.rel. Washington v. Neil*, 153 Ohio St.3d 1454, 2018-Ohio-3036. Given the foregoing, I would conclude that the trial court should have given Mr. Obasogie the opportunity to have his counsel file an amended complaint especially in a confusing case like this, where an attorney was hired before the trial court dismissed the case and there is no prejudice to the other side. Accordingly, I respectfully dissent from the judgment of the majority.

APPEARANCES:

SUSAN J. LAX, Attorney at Law, for Appellant.

ANDREW S. GOOD, Attorney at Law, for Appellee.