[Cite as *Everhome Mtge. Co. v. Kilcoyne*, 2012-Ohio-593.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96982**

## EVERHOME MORTGAGE COMPANY

PLAINTIFF-APPELLEE

vs.

## CHRISTOPHER KILCOYNE, ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-732303

**BEFORE:** S. Gallagher, J., Jones, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**FOR APPELLANT**

Christopher Kilcoyne, pro se
4803 Brookpark Road
Cleveland, OH  44134


**ATTORNEYS FOR APPELLEE**

David M. Gauntner
Antonio J. Scarlato
Felty & Lembright Co., L.P.A.
1500 West Third Street
Suite 400
Cleveland, OH  44113


SEAN C. GALLAGHER, J.:

{¶1} Defendant-appellant Christopher Kilcoyne appeals the trial court's decision that adopted a magistrate's decision in a foreclosure action and granted plaintiff-appellee Everhome Mortgage Company ("Everhome") a decree of foreclosure.[1] For the following

---

[1]We note that Kilcoyne is the only defendant appealing the trial court's decision.   All claims against the other defendants were disposed of through a motion for default judgment granted in favor of Everhome.

reason, we dismiss the instant appeal for lack of jurisdiction: the trial court has not issued a final, appealable order.

{¶2} On December 21, 2011, this court ordered the parties to show cause as to whether the trial court's March 29, 2011 judgment entry, adopting the magistrate's decision, was a final, appealable order. Appellee, the only responding party, contends that the March 29, 2011 journal entry, granting summary judgment in favor of appellee and against Christopher Kilcoyne, and the June 2, 2011 order, adopting the magistrate's decision, together constitute a final order. The journal entry granting summary judgment, however, granted partial judgment on liability only. The trial court specifically ordered appellee to file a proposed magistrate's decision. The trial court's June 2, 2011 order adopted and incorporated the magistrate's decision and purported to resolve all remaining issues. The trial court further stated the final entry was a "separate and distinct" instrument.

{¶3} When the court adopts, rejects, or modifies a magistrate's decision, it must also enter a judgment. Civ.R. 53(D)(4)(e). The judgment entry must contain a clear pronouncement of the court's judgment and a statement of relief and must be a complete document, separate and apart from that of the magistrate's order. *Deutsche Bank Natl. Co. v. Caldwell*, 8th Dist. No. 96249, 2011-Ohio-4508, 2011 WL 3925621. Merely stating that the document is a separate and distinct instrument is patently insufficient to establish the distinctness element when a copy of the magistrate's decision is attached to the judgment entry and incorporated by reference. *Id.*

**{¶4}** "[A] 'judgment' must be distinguished from a 'decision.' Indeed, pursuant to Civ.R. 54(A), a judgment shall not contain * * * the magistrate's decision in a referred matter * * *. These matters are properly placed in the decision." (Internal citations and quotations omitted.) *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216, 736 N.E.2d 101, 105 (9th Dist.2000). In this case, the trial court attached, and incorporated by reference, a copy of the magistrate's decision to the March 29, 2011 judgment. Pursuant to the plain language of Civ.R. 54(A), the judgment of the court cannot contain the magistrate's decision, and therefore, there is no final, appealable order. We are cognizant that this may seem to be placing form over substance, but we are constrained to apply the rules as written and interpreted by prior decisions.

**{¶5}** We accordingly dismiss the current appeal for lack of jurisdiction.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

LARRY A. JONES, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR