[Cite as *Freeman v. Freeman*, 2016-Ohio-2758.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| Teresa Ann Freeman, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 16CA5 |
| | : | |
| v. | : | |
| | : | |
| Wendall Kent Freeman, | : | |
| | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Randall L. Lambert, Ironton, Ohio for Appellant.

Brigham M. Anderson, Ironton, Ohio for Appellee.

_____

{¶1} This is an appeal from a Lawrence County Common Pleas Court entry resolving a salary payment dispute. This Court issued an entry directing the parties to file memoranda addressing whether we have jurisdiction to hear this appeal because the order appealed from may not be a final appealable order. Appellant filed a response in which he advises that he has requested a corrected amended entry from the trial court so that it complies with R.C. 2505.02. Appellant includes with his response a copy of the motion he filed with the trial court. After reviewing the issue, we conclude that the order appealed from is not a final appealable order and, therefore, this Court does not have jurisdiction over the appeal. If the trial court grants Appellant's request and issues a judgment entry that complies with R.C. 2505.02, Appellant may then file a new appeal from the correct judgment entry.

**{¶2}**    Appellant filed a notice of appeal from a February 17, 2016 order that ruled on objections to the magistrate's order and stated, "The Magistrate's decision is affirmed."

**{¶3}**    A judgment entry which adopts or affirms a magistrate's decision but fails to enter judgment through a "separate and distinct" entry does not constitute a final appealable order. *In re A.R.,* 4th Dist .No. 07CA3000, 2008-Ohio-4822, at ¶11 (the court inserted a line at the bottom of the magistrate's decision adopting it as its own order). In order to be a final appealable order, the trial court, in adopting the magistrate's decision, must enter "a separate judgment that set forth the grounds for relief." A court must enter a separate judgment that includes the outcome of the dispute and the remedy provided, even if it chooses to adopt the magistrate's decision. *Id.* at ¶ 9. See also *In re Elliott,* 4th Dist. No. 97CA2313, 1998 WL 101351 (March 5, 1998) (court entered a separate one-sentence entry adopting the magistrate's order).

**{¶4}**    Here, the trial court affirmed the magistrate's decision, but it did not separately set forth its findings in the entry. An order that simply affirms a magistrate's decision does not satisfy the requirements of Civ.R. 54(A). The trial court must set forth these findings separately in its own judgment entry.  See *Everhome Mortgage Co. v. Kilcoyne*, 8th Dist. Cuyahoga App. No. 96982, 2012-Ohio-593.

**{¶5}**    In *Everhome Mortgage*, the trial court adopted and incorporated a magistrate's decision in a foreclosure action and attached a copy of the magistrate's decision to the trial court's entry.  The appellate court held that the trial court's entry was not a final, appealable order because the trial court's judgment must contain a clear

pronouncement of the court's judgment and a statement of the relief must be a

complete document, separate and apart from the magistrate's order:

> In this case, the trial court attached, and incorporated by reference, a copy of the magistrate's decision to the March 29, 2011 judgment. Pursuant to the plain language of Civ.R. 54(A), the judgment of the court cannot contain the magistrate's decision, and therefore, there is no final, appealable order. We are cognizant that this may seem to be placing form over substance, but we are constrained to apply the rules as written and interpreted by prior decisions.

*Everhome Mortgage,* 2012-Ohio-593, ¶ 4; see also *In the Matter of D.P.,* 10th Dist.

Franklin App. Nos. 06AP-179, 06AP-180, 06AP-181, 2006-Ohio-5098 (trial court's

judgment entries which incorporate by reference and attach copies of magistrate

decisions do not constitute final appealable orders).

{¶6}   Thus, the trial court entry in this case is not a final appealable order.

Because we do not have jurisdiction to hear this matter, we must **DISMISS** this appeal.

{¶7}   The clerk shall serve a copy of this order on all counsel of record and any

unrepresented parties at their last known addresses by certified mail, return receipt

requested. If returned unserved, the clerk shall serve the unrepresented parties by

ordinary mail.

 **APPEAL DISMISSED. IT IS SO ORDERED.**

Abele, J. and McFarland, J.:  Concur.

**FOR THE COURT**

_____
William H. Harsha
Administrative Judge