[Cite as *Schrader v. Schrader*, 2016-Ohio-7675.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| Brian M. Schrader, | : | |
| Plaintiff-Appellant, | : | Case No. 16CA21 |
| v. | : | |
| Roberta A. Schrader, | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| Defendant-Appellee. | : | **RELEASED: 11/04/16** |

HOOVER, J.,

**{¶1}** After reviewing the notice of appeal filed in this matter, we issued an order directing Appellant Brian M. Schrader to file a memorandum addressing whether the entry appealed from is a final appealable order. Appellant responded and concedes that the entry is not a final appealable order. Because the trial court entry is not a final appealable order, we **DISMISS** this appeal.

I. Procedural History

**{¶2}** This matter came before the trial court on the Appellant's complaint for divorce and Appellee's answer and counterclaim. The trial court referred the matter to a magistrate to resolve issues concerning custody, companionship and support concerning the parties' only child, as well as the parties' claims for attorney fees. The magistrate held a hearing and issued a decision, which the trial court approved and adopted. Appellant Brian Schrader filed objections to the magistrate's decision challenging the magistrate's designation of Roberta Schrader as the residential parent.

Brian also challenged the magistrate's dismissal of his civil contempt citations against Roberta on the ground that they were not properly served.

{¶3}    The trial court heard objections to the magistrate's decision and overruled Brian's objection to the residential parent designation, but sustained his objection to the dismissal of the contempt citations against Roberta. The trial court found that Brian had served the contempt action properly and the contempt issue should have been considered by the magistrate. The trial court remanded it for a hearing by the magistrate on the contempt issue.

{¶4}    In its entry dated August 5, 2016, the trial court stated that as to the objection regarding the parenting issue, "The Magistrate's decision is affirmed as to this point." After stating in the entry that the matter was remanded for consideration of the contempt issue, the trial court entry states, "There were no objections to the other orders of the Magistrate, so all other orders are hereby affirmed. The clerk is ordered to make service of this order on all attorneys of record and the parties. This is a final, appealable order, there is no just reasons for delay." The trial court did not separately set forth its own judgment.

## II. Legal Analysis

{¶5}    The entry raises two separate finality issues. First, the August 5, 2016 order ruled on the parties' objections to the magistrate's decision, sustaining one objection and remanding it to the Magistrate to hold a hearing on the contempt issue. The order did not enter any separate or distinct findings on parenting rights, custody, or child support issues, but instead affirmed the magistrate's decision on those issues:

"There were no objections to the other orders of the Magistrate, so all other orders are hereby affirmed."

**{¶6}** A judgment entry which affirms or adopts a magistrate's decision but fails to enter judgment through a "separate and distinct" entry does not constitute a final appealable order. *McCoy v. Sullivan*, 4th Dist. Scioto No. 16CA3739, 2016-Ohio 3054,¶ 4; *Freeman v. Freeman,* 4th Dist. Lawrence No. 16CA5, 2016-Ohio-2758, ¶ 4; *In re A.R.*, 4th Dist. Ross No. 07CA3000, 2008–Ohio–4822, at ¶ 11 (the court inserted a line at the bottom of the magistrate's decision adopting it as its own order). In order to be a final appealable order, the trial court, in adopting the magistrate's decision, must enter "a separate judgment that sets forth the grounds for relief." A court must enter a separate judgment that includes the outcome of the dispute and the remedy provided, even if it chooses to adopt the magistrate's decision. *Id.* at ¶ 9. *See also In re Elliott*, 4th Dist. Ross No. 97CA2313, 1998 WL 101351 (March 5, 1998)(court entered a separate one-sentence entry adopting the magistrate's order); Civ.R. 54(A)( "A judgment shall not contain * * * the magistrates's decision in a referred matter * * *.").

**{¶7}** The trial court's entry must contain "its own independent judgment disposing of the matters at issue between the parties, such that the parties need not resort to any other document to ascertain the extent to which their rights and obligations have been determined." *Burns v. Morgan*, 165 Ohio App.3d 694, 2006–Ohio–1213, 847 N.E.2d 1288, ¶ 10 (4th Dist.). The entry must grant relief on the issues originally submitted to the court. *Jackson v. Jackson*, 4th Dist. Washington No. 13CA40, 2014–Ohio–5853, ¶ 11, citing *Deutsche Bank Natl. Co. v. Caldwell*, 196 Ohio App.3d 636,

2011–Ohio–4508, 964 N.E.2d 1093, ¶ 7.

{¶8} The trial court entry in this case is not a final appealable order because it fails to set forth the trial court's independent judgment of relief on all of the issues originally submitted to it.

{¶9} Second, the entry does not adjudicate the civil contempt claim, but instead remands it to the magistrate for further consideration. Because the case involves multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order.

{¶10} Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see* Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977) (citations omitted); *see also Turner v. Robinson*, 4th Dist. Highland No. 15CA11, 2016-Ohio-2981, ¶ 29.

**{¶11}** This court has previously stated:

The [Ohio Supreme Court in *Wisintainer v. Elcen Power Strut Co* ., 67 Ohio St.3d 352, 617 N.E.2d 1136] ruled that a Civ.R. 54(B) finding is, in essence, a factual determination on whether an interlocutory appeal is consistent with interests of justice. *Id.* at paragraph one of the syllabus. The Ohio Supreme Court further stated that trial courts enjoy the same presumption of correctness with regard to this finding that they enjoy with any other factual findings and that such a finding "must stand" if the record indicates the interests of sound judicial administration will be served by a finding of "no just reason for delay." *Id.* at 355, 617 N.E.2d 1136 and at paragraph two of the syllabus.

We recognize that *Wisintainer* sets forth a deferential standard and we are generally reluctant to strike a Civ.R. 54(B) certification. *See Oakley v. Citizens Bank of Logan*, Athens App. No. 04CA25, 2004–Ohio–6824, at ¶¶ 11; *Bell Drilling & Producing Co., v. Kilbarger Construction, Inc.* (Jun. 26, 1997), Hocking App. No. 96CA23. However, when a Civ.R. 54(B) certification does not serve the interests of judicial economy, we will strike it. *See e.g. Oakley, supra* at ¶¶ 11–13; *Portco, Inc. v. Eye Specialists, Inc.*, Scioto App. No. 06CA3127, 2007–Ohio–4403, at ¶¶ 10–11.

*Penn v. Esham*, 4th Dist. Scioto No. 07CA3170, 2008–Ohio–434, ¶¶ 12–13; *Turner v. Robinson* at ¶ 30.

**{¶12}** Here, although the entry includes the statement "there is no just reason for delay," a review of the record indicates that that a Civ.R. 54(B) certification does not serve the interest of judicial economy. "Proceedings for civil contempt are between the original parties, and are instituted and tried as a part of the main cause." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444-445, 31 S.Ct. 492, 55 L.Ed. 797 (1911). Any questions of error in the contempt findings would be subject to appeal. We would be reviewing this case twice: once on the residential parenting issue and once on the civil contempt issue. "Judicial economy will not be served where this court might consider this case numerous times." *Turner v. Robinson* at ¶ 38.

### III. Conclusion

**{¶13}** The trial court's August 5, 2015 entry does not constitute a final, appealable order. The court did not separately state the judgment and the relief granted to the parties. Overruling objections to a magistrate's decision and affirming it without separately setting forth the court's own judgment does not constitute a final judgment subject to appeal. Because the trial court's entry is not final, it does not satisfy the requirements of R.C. 2505.02, and we conclude that it is not a final, appealable order.

**{¶14}** Additionally, the entry does not resolve all of the parties' claims, leaving unresolved the contempt issue. The Civ.R. 54(B) certification does not serve the interest of judicial economy. For those reasons, we find that no final, appealable order was issued in this case and we lack jurisdiction to consider the matter. Accordingly, we hereby dismiss this appeal.

**{¶15}** The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail.

**{¶16}  APPEAL DISMISSED.  COSTS TO APPELLANT.  IT IS SO ORDERED.**

Abele, J. and McFarland, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Judge