FROELICH, J., dissenting:
{¶ 24} I would find that this Court lacks jurisdiction to address Lewis's assignments of error and would dismiss the appeal, because the juvenile court has not entered a final appealable order.
{¶ 25} After a trial before a magistrate, Lewis was found guilty of the offense of contributing to the delinquency of a minor. The juvenile court judge signed the magistrate's decision the same day. Lewis filed a pro se "appeal" of the magistrate's decision, and the juvenile court filed a judgment entry construing the "appeal" to be a timely objection, pursuant to Juv.R. 40.
{¶ 26} The juvenile court subsequently overruled Lewis's objections, with specific findings, and "adopt[ed] and affirm[ed] the finding and orders of the Magistrate as the findings and final order of the court on this matter." The court ordered a presentence investigation (PSI) and scheduled a sentencing hearing for January 26, 2017.
{¶ 27} The sentencing hearing was conducted by the magistrate, and the magistrate issued a sentencing decision. On the same day, the juvenile court judge signed the magistrate's decision under a sentence that read, "This judgment is adopted as an order of the Court upon filing." The sentencing entry was filed on January 27, 2017. Lewis did not file objections to the magistrate's decision. She now appeals from the January 27, 2017 order.
*1179 {¶ 28} I would find that there is no final appealable order. Juv.R. 40(D)(4)(e) requires that a "court that adopts, rejects, or modifies a magistrate's decision shall also enter a judgment." See also Civ.R. 53(D)(4)(e). When objections are filed, a judgment entry must include the court's own order resolving the matter (not just adopting a magistrate's decision), resolve any objection, sufficiently address the pending issues so the parties know their rights and obligations by referring only to the judgment entry, and be a document separate from the magistrate's decision. See , e.g., Hall v. Adler , 2d Dist. Montgomery No. 27572 (Aug. 9, 2017) (Decision and Final Judgment Entry); Bennett v. Bennett , 2012-Ohio-501, 969 N.E.2d 344 (2d Dist.).
{¶ 29} A "combined judgment entry signed by both the magistrate and the judge is not a proper 'judgment' from which an appeal lies." Jackson v. Jackson , 4th Dist. Washington No. 13-CA-40, 2014-Ohio-5853, 2014 WL 7671041, ¶ 11, citing Hall v. Darr , 6th Dist. Ottawa No. OT-03-001, 2003-Ohio-1035, 2003 WL 876574, ¶ 28. "The order was not final and appealable because the magistrate and trial court issued a joint decision instead of separate, distinct documents." Perko v. Perko , 11th Dist. Geauga Nos. 2001-G-2403, 2003-Ohio-1877, 2003 WL 1871003, ¶ 5. To be a final order, the judgment must, among other things, "be a document separate from the magistrate's decision." Sabrina J. v. Robbin C. , 6th Dist. Lucas No. L-00-1374, 2001 WL 85157, *3 (Jan. 26, 2001) ; see also Everhome Mtge. Co. v. Kilcoyne , 8th Dist. Cuyahoga No. 96982, 2012-Ohio-593, 2012 WL 506889 (under plain language of Civ.R. 54(A), a court's judgment cannot contain the magistrate's decision).
{¶ 30} An appellate court has jurisdiction to review final orders, judgments, and decrees. Article IV, Section 3(B)(2) of the Ohio Constitution ; R.C. 2505.03. In the absence of a final appealable order, the appeal must be dismissed. The juvenile court's January 27, 2017 entry failed to satisfy the requirements of a final appealable order. Accordingly, I would dismiss the appeal.
{¶ 31} As a secondary matter, the record is somewhat unclear about the offense of which Lewis was convicted: former R.C. 2919.24(A)(1) or R.C. 2919.24(A)(2), and based on unruliness or on delinquency. R.C. 2919.24, entitled "Contributing to unruliness or delinquency," can be violated, by definition, by contributing to delinquency or by contributing to unruliness. And, as stated by the majority, R.C. 2919.24(A)(1) and R.C. 2919.24(A)(2) are separate offenses with distinct elements.
{¶ 32} The complaint filed on April 7, 2016, alleged that Lewis "did act in a way tending to cause the child to become a * * * delinquent child as defined in Section 2152.02(F) * * * in violation of Section 2919.24 * * *." (Emphasis added). This wording charged a violation of R.C. 2919.24(A)(2) and specifically cited delinquency as its basis.
{¶ 33} Consistent with that charge, after a trial, the magistrate filed findings of fact, stating that Lewis was before the court for trial on an allegation that she "did act in a way tending to cause a child to become delinquent as defined in ORC § 2152.02, in violation of ORC § 2919.24." However, the magistrate's decision did not quote R.C. 2919.24(A)(2) and define "delinquent." Instead, it quoted R.C. 2919.24(A)(1) and "found" that an "unruly child" includes any child who is habitually truant. The magistrate then found that Lewis's child was an "unruly child" and that Lewis had aided, abetted, induced, caused, encouraged or contributed to her child's becoming an unruly child-which is consistent with R.C. 2919.24(A)(1). The magistrate nevertheless *1180 concluded that the State had proven the "complaint" beyond a reasonable doubt and found Lewis guilty "of the offense of contributing to the delinquency of a minor beyond a reasonable doubt."
{¶ 34} Lewis filed objections, which were overruled. The trial court's entry overruling the objections did not address the inconsistencies in the magistrate's statutory references, and it did not indicate whether the court's guilty verdict was based on R.C. 2919.24(A)(1) or R.C. 2919.24(A)(2) and on unruliness or on delinquency. The January 27, 2017 sentencing entry stated that Lewis was "previously found guilty of contributing to the Delinquency or Unruliness of a Minor in Violation of ORC § 2919.24." (Emphasis added.) Again, it did not identify the specific subsection.
{¶ 35} In short, Lewis was charged with contributing to the delinquency of her child, in violation of former R.C. 2919.24(A)(2), but arguably was found guilty for having contributed to the unruliness of her child, in violation of R.C. 2919.24(A)(1). "In general, absent a negotiated plea agreement or evidence of a lesser included offense, a defendant cannot be convicted of an offense for which he or she has not been charged." State v. Hill , 2d Dist. Montgomery No. 26581, 2015-Ohio-5166, 2015 WL 8551834, ¶ 49. Regardless of whether facts supported her having contributed to the unruliness of her son, Lewis was not on trial for aiding and abetting the unruliness of her child, and the charge was not amended to R.C. 2919.24(A)(1), even after trial. The trial court should clarify the nature of Lewis's conviction in its final judgment entry.